on the north side of premises No. 468 Central Park West. Said deed, by express terms, provided as follows:

"That the premises hereinafter described form part of a tract of land, the title to which stood in the name of Alexander C. Morgan, one of the executors below named, the northern portion of which tract was conveyed by said Alexander C. Morgan to Edwin D. Morgan, and all the remaining portion to Henry T. Morgan in his lifetime, who devised the same to his brother, Homer Morgan, now deceased; that it was intended by said Alexander C. Morgan to include the premises hereinafter described in the conveyance to said Edwin D. Morgan; and that all of the interest of said Edwin D. Morgan has by various mesne conveyances become vested in, and now belongs to, the party of the second part thereto."

On June 21, 1899, the defendant purchased the said 3 feet, together with the property extending to the southwest corner of Central Park West and 107th street, from Florence Gray; and the title to said property was passed and approved by the Lawyers' Title Company, and a policy issued thereon, covering premises on the west side of Central Park West, extending to a point 19 feet 8 inches south of 107th street. The affidavits submitted as to the erection and maintenance of the fence are so conflicting that they must be entirely eliminated from consideration. It appears that plaintiff's claim for an injunction is not well founded, and the temporary injunction is vacated, and motion for a permanent injunction denied.

Motion denied.

---

In re SMITH.

(Supreme Court, Appellate Division, Fourth Department. February 13, 1900.)

1. MUNICIPAL CORPORATIONS—OFFICERS—CONTRACTS—REMOVAL.
    Where the defendant in proceedings to remove him from office, under Laws 1897, c. 414, § 313, providing that a village officer shall not be interested in contracts with the village, admitted violation of the law, he should be removed; it being no justification that he acted in good faith, and received no more on his contract than other contractors received, or that the petitioner for his removal was the street commissioner, who himself contracted with defendant.

2. SAME—GOOD FAITH.
    Where, in an action to remove defendant from office for violation of Laws 1897, c. 414, § 313, providing that no village officer shall be interested in a contract with the village, defendant did not deny knowledge of the law, and admitted that he was in office when the law went into effect, and knew that the previous law prohibited such contracts, he did not show that he acted in good faith while violating the law.

Petition by S. W. Smith for the removal from office of John Nelligan, trustee of the village of Holley. Granted.

The following is the opinion of the referee:

This proceeding was commenced for the removal of John Nelligan, one of the trustees of the village of Holley, from office, on the ground that he violated section 313, c. 414, Laws 1897, and during the years 1898 and 1899 furnished work, a team, and engine to be used on improvements made on the street of the village. It seems that during the year 1898 he furnished such work, amounting in all to the sum of $143.63, and that he received that amount therefor from the village treasurer; that during the year 1899, and previous to the 1st day of July, he received for similar work the sum of $73, and that he has a claim for $33.50 for like services, that has been audited and allowed by

the board of trustees of which he is a member, but has not been paid, for the reason that the president of the board has refused to sign the order, and has protested its payment. These facts are not disputed by the defendant, and it is not contended that he did not violate the law. The position taken by the defendant is that it is discretionary with this court as to whether he should be removed, and if he can succeed in showing that he acted in good faith, and in ignorance of the law, this discretion ought not to be exercised against him. I do not think that the question of good faith should be controlling in this case, and he should not be excused on account of any ignorance of the law on his part. On the question of good faith, I do not think that the evidence shows that he was so acting. He does not say that at the time he was doing these acts he did not know the contents of the law that he was violating. He admits that, while acting as trustee while the village was under the law that was in force before 1897 went into effect, he knew that no member of the board of trustees could make or be interested in any contract to which the village was a party, and says that he interpreted it to mean that a trustee could make a contract with the street commissioner of the village for work upon the streets of the village, but that he could not make one with the board itself. It is fair to assume that he believed the law of 1897 to be no less stringent than the previous one. If he had intended to act in good faith and guard the interests of the village, and did not know the exact terms of the law, he should have made some effort to become familiar with it, and not to continue to violate it, and, when called to account, to plead good faith and ignorance of it. He should have known that ignorance of the law is no defense. Again, the legislature, when this law was enacted, intended to guard against such acts as these of the defendant. It tends to promote honesty in the management of municipal affairs, and its enforcement should be encouraged. If an officer who has violated its terms can plead ignorance of the law, and thereby retain his office, when proceeded against, its object will be defeated, and it becomes a nullity. The defendant has continually violated this law and ignored its terms, and the evidence shows that by so doing he has been financially benefited. I find no evidence in the matter on which he can justify his acts. The fact that the other trustees may have done the same thing is no justification; nor is the fact that the petitioner herein, who was the street commissioner of said village, employed him to work on the streets. The commissioner ought not to have employed him or any other member of the board, and it was his duty to know the law, and not to encourage its violation. The evidence shows that the charges made by him were the same that others got, and it does not show that he charged for anything that he did not do, but the fact should not justify his acts, for I think it was the intent of the law to provide against the opportunity to injure the village. After reading the evidence over in this matter, I have come to the conclusion that, by reason of these several violations of the law upon the part of the defendant, he should be removed from the office of trustee of the village of Holley.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Thomas A. Kirby, for petitioner.

William E. Hobby, for defendant.

PER CURIAM. Report of referee confirmed, and petition for the removal of said respondent granted, with $50 costs and disbursements of the proceeding, to be paid by the respondent, upon the opinion of the referee.