(98 App. Div. 507)

## BURNS v. FOX.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1904.)

1. WORK AND LABOR—EIGHT-HOUR DAY—"STATE INSTITUTIONS"—ARMORY.
   Under the Military Code, a National Guard armory is a "state institution," within Labor Law (Laws 1897, p. 462, c. 415) § 3, declaring that the provision that eight hours shall constitute a day's work does not apply to employés of state institutions.

2. SAME—EXTRA COMPENSATION—WAIVER.
   Receipt of wages for four years without objection on the ground that more than eight hours' work per day had been required waives the la-

borer's right to extra compensation under Labor Law (Laws 1897, p. 462, c. 415) § 3, providing that eight hours shall constitute a day's work.

Appeal from Special Term, Erie County.

Application by John H. Burns for a peremptory writ of mandamus against George C. Fox, as commanding officer of the Seventy-Fourth Regiment, National Guard New York. From an order denying the application, applicant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Herman J. Westwood, for appellant.
Louis L. Babcock, for respondent.

HISCOCK, J. This appeal involves a construction of the labor law, and also the question whether relator has not waived certain rights thereunder, assuming that they originally existed in his favor. These considerations are presented by reason of the claim made by relator that he has labored in excess of eight hours a day, and is entitled to additional compensation for such excess. We do not agree with his contention, and think that his application was properly disposed of. The appellant, during the period from January 15, 1900, to March 15, 1904, was employed as a laborer in the armory of the Seventy-Fourth Regiment, situate in Buffalo. During this period he claims that he frequently worked in excess of eight hours a day. Prior to his employment the fact that he was expected to give such time to his duties as should be necessary was explained to him, and he knew that he would at times be required to labor in excess of eight hours a day. The number of laborers who may be employed in an armory is limited by statute, one being allotted for a certain amount of floor space. It is quite plain that such laborers may be required to be in attendance for irregular hours, and especially during the evening. During the period of his employment relator was paid twice each month at the rate of $2 per day, and made no objection to the sum so received, or claim to a greater compensation. Section 3 of the labor law provides as follows:

"Hours to Constitute a Day's Labor. Eight hours shall constitute a legal day's work for all classes of employees in this state except those engaged in farm and domestic service unless otherwise provided by law. This section does not prevent an agreement for overwork at an increased compensation, except upon work by or for the state or a municipal corporation or by contractors or subcontractors therewith. * * * But nothing in this section shall be construed to apply to persons regularly employed in state institutions, or to engineers, electricians and elevatormen in the department of public buildings during the annual session of the legislature." Laws 1897, p. 462, c. 415.

Section 177 of the Military Code provides a compensation to be paid "laborers not to exceed two dollars per day." Laws 1893, p. 1246, c. 559. In view of the class of duties which a laborer in an armory would be called upon to perform, and which would necessarily extend over somewhat indeterminate and varying hours, it might be argued with considerable force that the "day" for which

relator was entitled to receive the maximum compensation allowed him of $2 was not a day of eight hours, but a day of such hours within the twenty-four as might be necessitated by the nature of his duties, and that, therefore, this provision especially applicable to relator qualified the general provisions of the labor law.

We think, however, that there is another complete answer provided by the terms of the statute under which relator makes his claim, and that is that the armory in which he was regularly employed was a state institution, and therefore exempt from the provisions for limited hours. A review of the provisions of the Military Code, which we do not deem it necessary or useful to quote at length, makes it plain to our minds that the different regiments and companies regularly enrolled throughout the state as part of the National Guard are part of a state system provided for by general statutory provisions. The entire body is commanded and controlled by state officers, and a complete code has been adopted respecting the organization, administration, and control of all state troops. The title to the armory wherein relator was employed was vested in the state. This building was the headquarters of a part of the National Guard of the state, and in it was stored property belonging to the state. State officers had the power of visitation and control over the real property and the personal property which was placed therein. All of the prominent features characterizing it savor of the state and of state control, rather than of local ownership and power. We do not, of course, lose sight of the fact that the local authorities of the county were compelled to furnish funds towards the erection and maintenance of the building, but this was done under state supervision and direction. We think it clear that the institution was of the state, and that, therefore, the provision which we have already quoted exempted relator from the limitation upon hours of which he seeks to take advantage.

As opposing the view above stated, we are cited to an expression of the court in the Matter of Bryant, 152 N. Y. 412, 415, 46 N. E. 851. A few words culled out of the entire opinion might justify the view here urged by appellant that the National Guard is not a state institution. The court, however, in that case, was considering a very different question from that here presented, and, construing the entire opinion in the light of the material question there before the court, we do not find it an authority in opposition to the views here expressed. If we should assume, however, that as an original proposition relator was entitled to demand the compensation of $2 per day allotted to him for a day consisting of only eight hours, we think he has waived and lost his right to extra compensation for additional hours. Whatever penalty might be visited upon the employer seeking to violate the act in question, the relator undoubtedly had the right, if he saw fit, to waive the statutory provisions enacted for his benefit, and we think that his receipt for his wages for a period of over four years without objection to what he now claims were excessive hours, or claim to extra compensation therefor, amounted to such waiver. Ryan v. City of New York, 177 N. Y. 271, 69 N. E. 599. The case of Kehn v. State of New York,

93 N. Y. 291, cited by the learned counsel for the appellant in opposition to this view, is to be distinguished from the case at bar. In that case it was simply held that the compensation of an employé of the state, absolutely fixed by statute, could not be reduced by a state official, and that the employé would not be estopped from claiming the full compensation belonging to him by taking reduced pay for a time without objection. The forgiveness temporarily of part of the compensation absolutely secured to an employé would seem to be distinguishable from a waiver of provisions affecting such details of the employment as the hours of labor or the rate of wages to be paid. The order appealed from should be affirmed.

Order affirmed, with costs. All concur.