<hr/>

(118 App. Div. 597)

FARRELL v. CITY OF BUFFALO.

(Supreme Court, Appellate Division, Fourth Department. March 20, 1907.)

MASTER AND SERVANT—COMPENSATION—WAIVER OF CLAIM.

Where one is employed as a laborer in a city's street department, but at his solicitation frequently performs the services of a foreman, without being appointed as a foreman, and continues to receive the compensation of a laborer from week to week, receipting in full, without complaint or protest, except to say that he thinks he ought to have more, he waives any right to the greater compensation of a foreman.

Robson, J., dissenting.

Appeal from Judgment on Report of Referee.

Action by Michael J. Farrell against the city of Buffalo. From a judgment for plaintiff, entered on the report of a referee, defendant appeals. Reversed, and new trial ordered.

The action was commenced on the 15th day of June, 1903, to recover additional compensation for services alleged to have been rendered by the plaintiff as "foreman" in the street department of the defendant from the 28th day of December, 1899, to and including the 2d day of February, 1902, during which time the plaintiff was paid the regular wages of a "laborer," and receipted for the same at the end of each week.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Samuel F. Moran, for appellant.
Edward N. Heath, for respondent.

McLENNAN, P. J. For the purposes of this review it will be assumed that the findings of fact made by the referee are supported by evidence, and only such other facts as are not controverted will be considered. In March, 1899, the plaintiff was employed as a laborer by the defendant in its street department at a wage of $1.50 per day, and from that time until about the 28th day of December following he worked as such and received the wage fixed therefor; but during a considerable portion of that time, at his request, and solicitation, he acted in the capacity of boss or foreman, and thus was relieved

from doing hard manual labor, which he was unable to do on account of his age (60 years) and his enfeebled physical condition. At about the date last mentioned the plaintiff had the following conversation with the superintendent of defendant's street department: The plaintiff said: "I have had some experience in this work now, and, if you need any more foremen, I think I could handle a gang of men." The superintendent said: "Do you think you can, Farrell?" Plaintiff said: "Yes, sir; I will try it any way." And the superintendent replied, "All right, I guess we will need you." After that conversation the plaintiff was frequently put in charge of a gang of men by one of defendant's inspectors and foremen who were sent to different parts of the city to perform certain specified work. During all the time in question such men were assigned to the plaintiff by a regularly appointed inspector or foreman, and such work was done under their general directions and supervision. That continued until the 2d day of February, 1902, being 641 working days, and which is the time for which the plaintiff has been awarded $1 per day additional pay. During all that time, as found by the referee, "the plaintiff performed the duties of foreman in the street department of the defendant, with the defendant's knowledge and acquiescence." During this time foremen in the department were regularly appointed, were designated as such, and their wages had been duly fixed at $2.50 per day. Each foreman appointed was provided with a gold-plated badge upon which was the word "Foreman," which he wore when on duty. To each of them was assigned such number of laborers as they required, who were subject to their direction and control, and the name of each was kept by such foreman in a book furnished to him by the department. Each was provided with a blackboard in the superintendent's office on which they wrote or posted instructions for the guidance of the men assigned to them, respectively. The foremen were all carried upon the pay rolls of the department as such, and were paid the wages fixed for the persons appointed to such positions.

The plaintiff was never appointed foreman, nor in any manner designated as such. No one representing the defendant ever hired him as foreman or agreed to pay him a foreman's wages. He was not furnished a foreman's badge, but a laborer's badge, which he wore during all the time he was in defendant's employ. He was at all times carried upon the pay rolls as a laborer, was assigned to one or the other of the regularly appointed foremen as such, and was subject to their orders. They (the other foremen) told him what to do, and he did it. He reported to them, and not to the superintendent, or head of the department, as they did. He was not furnished with a blackboard in the superintendent's office to enable him to give orders and directions to the men, and during the entire time he was only paid a laborer's wages, viz., $9. per week, which he received each Saturday and accepted in full payment of the services rendered. He accepted such wages without protest or complaint, except that he stated from time to time that he ought to have more, or that he was not receiving enough; but kept right on accepting laborer's wages, and each week receipted in full for the same, with full knowledge of all the facts.

He knew what a laborer's wages were, and that he was receiving the same. He knew what a foreman's wages were and that he was not receiving such wages. He knew that he had asked for foreman's pay and it had been refused. He knew that he was not regarded as a foreman, and that the defendant did not understand or expect that he was to receive a foreman's pay. Under such state of facts we think the plaintiff is not entitled to recover any sum in addition to laborer's wages, which, concededly, he has received and receipted for.

To hold that the plaintiff, under such circumstances, is now entitled to recover foreman's wages, would establish a most dangerous precedent. If such is the law, a municipality can never know the extent of its obligations to its employés. The number of foremen may be indefinitely increased without any formal action, a receipt in full for services rendered would be of no avail, and even an agreement to work for a specified compensation would afford no protection. If respondent's contention is correct, perchance a common laborer performs duties similar to those of another employé of higher rank for a day or a week, with the consent and acquiescence of the municipality, there is no way to avoid the payment of the higher wages, no matter what the agreement or understanding between the parties. The plaintiff, under the facts disclosed by the record, has waived all right which he may have had to compel the defendant to pay him foreman's wages.

In Ryan v. City of New York, 177 N. Y. 271, 69 N. E. 599, the court said:

"Now, it is well settled by authority that a man may waive any right that he has, whether secured to him by contract, conferred on him by statute, or guarantied him by the Constitution. And the legal effect of plaintiff's action in accepting from time to time during a period of six years, without protest, the wages paid to him by the city, was to waive any claim that he might have had at the time to insist that the employing officer should fix his rate of compensation at a greater sum than he did."

And in a concurring opinion by Judge O'Brien, he said (Id. page 280 of 177 N. Y., page 602 of 69 N. E.):

"When a servant sues the master for wages, alleging that he worked by the day for more than six years, and was paid for each day's work at the rate of $3 per day, and makes no claim or allegation that he ever asked any more, or ever objected on the ground that he had not been paid enough, or that he reserved the right to demand more in the future, or that there was fraud or mistake in the dealings, the legal conclusion from the facts must be that there was a full settlement between the parties or an agreement as to the rate of wages, or a waiver of any other claim. McCarthy v. Mayor, etc., of N. Y., 96 N. Y. 1, 48 Am. Rep. 601. I understand that there is no difference of opinion in this court on this point, and, if not, then the case is decided, and it is not necessary to discuss the validity of the labor law."

We think this court has construed the law adversely to respondent's contention in Matter of Burns v. Fox, 98 App. Div. 507, 90 N. Y. Supp. 254, in which it was said:

"If we should assume, however, that as an original proposition relator was entitled to demand the compensation of $2 per day allotted to him for a day consisting of only eight hours, we think he has waived and lost his right to extra compensation for additional hours. Whatever penalty might be visited upon the employer seeking to violate the act in question, the relator undoubtedly had the right, if he saw fit, to waive the statutory provisions enacted for his

benefit, and we think that his receipt for his wages for a period of over four years, without objection to what he now claims were excessive hours, or claim to extra compensation therefor, amount to such waiver. Ryan v. City of New York, 177 N. Y. 271, 69 N. E. 599."

In Hobbs v. City of Yonkers, 102 N. Y. 13, 5 N. E. 778, the plaintiff agreed in writing that, if he were appointed treasurer of the defendant, he would pay into the city treasury all fees and percentages received by him as such treasurer in excess of $2,000 per annum, and thereupon he was appointed and qualified and acted as such treasurer. By the law under which he was appointed he was entitled to 1 per cent. on all payments made by him. Each year the plaintiff rendered an account of his receipts, retaining $2,000 as his salary, and paying the surplus into the city treasury. Upon this basis his accounts were adjusted, he making no claim for any further compensation during his entire term, and at the close of his term rendered his final account as treasurer, and paid over to his successor the balance remaining in his hands. The court held that while the common council had no authority to change the compensation of the plaintiff which was fixed by law, and the agreement to that effect was inoperative for such purpose, yet the plaintiff had a right to release the city from all claims for services beyond the amount agreed upon, and that the accounts presented and settled were essentially accounts stated, and as such could not be disturbed except by action in equity for that purpose.

Drew v. Mayor of the City of New York, 8 Hun, 443, was an action brought to recover the amount of certain balances claimed to be due on account of the monthly wages of the plaintiff as sweeper of the public markets of the city of New York. The rate of wages originally fixed by ordinance of the defendant was $60 per month. The plaintiff received $60 per month for such services for a time. Thereafter he was only paid $50 a month for the same services, but at the time of each payment he signed a pay roll containing a receipt in full. It was held that the plaintiff was not entitled to recover. The court said:

"He, the plaintiff, proved that in 1866 the common council passed a resolution fixing the compensation of sweepers employed in the markets at the rate of $60 per month, and that in 1867 the then comptroller, Connolly, directed him to go to work as such sweeper, and that he was paid, for a certain period, at the rate of $60 per month. This showed an implied contract to pay him at that rate. But the plaintiff further showed that he was subsequently paid at the rate of $50 per month, and that, from month to month, for the whole period covered by his claim in this suit, he signed monthly receipts contained in the pay roll of the bureau of markets, in which his wages were set down at $600 per annum for his services as sweeper, and acknowledging the receipt from the comptroller of $50 in full payment for. services rendered by him in the capacity of sweeper for the period of the month embraced in each pay roll. This certainly overcame the presumption of a contract to pay $60 for the same period, and showed, by strong inference at least, a contract for $50 per month, or, rather, at $600 per annum, payable monthly. The plaintiff was an illiterate man, and signed the pay roll by making his mark, but he knew what amount of money he got, and he gave a monthly receipt, and he made no demand for more, but went on working, and receiving that sum, and signing such receipts during the whole several months covered by his complaint. His assent to the price and terms must be assumed, under such a state of facts, on the production of monthly receipts in full, each stating

the rate of compensation per year, and the amount per month at such rate. The court was clearly right in directing a verdict [for the defendant] upon such a state of facts."

In the case of Wilson v. City of New York, 31 Misc. Rep. 693, 65 N. Y. Supp. 328, it was held that where a clerk in the health department of the defendant city accepted and receipted for a lower salary than that designated by the head of such department under a claim upon the part of the city that the payment was in full, such clerk could not subsequently recover of the city the amount of the reduction. We think the cases cited by the respondent are not in conflict with those above referred to. People ex rel. Satterlee v. Board of Police, 75 N. Y. 38, simply held that a board of officers having the power of appointment to an office cannot reduce the amount fixed by law as the salary of such office, or make a binding contract with their appointee to perform the duties of the office at a less sum. In that case the salary of the relator was fixed by statute, and it was held that the police board had no power to reduce such salary or to compel the relator to receive a less sum than was provided for by statute, and also that the acceptance and discharge of the duties of such an office after appointment is not a waiver of a statutory provision fixing the salary thereof.

The case of Kehn v. State of New York, 93 N. Y. 291, also cited by the respondent, is clearly distinguishable from the case at bar. In that case it was held that:

"Where the compensation of an employé of the state is fixed by statute, it cannot be reduced by the state officer under whom he is employed. And he is not estopped from claiming the full compensation by the fact that he took the reduced pay for a portion of the time without objection, but he is entitled to recover the difference." .

The respondent insists that this court has decided the precise question involved in accordance with his contention, in the case of Schmitt v. City of Buffalo, 48 App. Div. 634, 62 N. Y. Supp. 1147. That case was decided without opinion, and while in many of its features it was similar to the case at bar, there is this important distinction in the facts, in that case the referee found that the plaintiff did not know that his name was being carried upon the pay roll as a laborer, and did not know that the services of assistant foreman had been fixed at $2.50 per day when he received and receipted for the smaller wages. It was therefore properly held that the plaintiff in that case not having knowledge of the essential facts, his acts in the premises did not constitute a waiver. At all events, in so far as the decision in the Schmitt Case is in conflict with the decisions above referred to, it should be considered as overruled. I more readily reach such conclusion because fully convinced that the rule contended for by the respondent would lead to the greatest abuse and open the way for "graft," favoritism, and peculation in the administration of the municipal governments of the state. There ought not to be any misconception as to the importance of the questions involved. A municipality under the provisions of the law employs and fixes the wages of its common laborers, and also employs and fixes the compensation of its foremen, inspectors, superintendents, and other like employés. It seems to me

a dangerous proposition that a laborer may perchance voluntarily, and from choice, perform the duties of one or the other of the classes of .employés whose compensation is greater than his without any appointment or designation to such position, continue to receive the wages of a laborer for the services rendered without protest or complaint, except to say that he thinks he should have more, and after he is discharged from the employment of the municipality recover from it the same compensation which he would have been entitled to receive had he been regularly appointed to such higher position, and that by accepting and receipting for the lesser compensation with full knowledge of all the facts he does not waive his right to recover the greater compensation. I think the proposition is not sound, that it is not founded in justice, and is not the law. If the plaintiff had for a week performed the duties of a superintendent of defendant's street department pursuant to an arrangement between him and such superintendent, with equal force could he claim that he was entitled to receive a superintendent's salary. A common laborer, who is hired to work for a city for $1.50 per day, cannot become foreman, inspector, or superintendent, and thus entitled to receive double or perhaps triple wages, simply by the performance of the duties of such position; but, in any event, where he settles and receipts each week or month for the services rendered, he cannot compel the payment of additional compensation.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur, except ROBSON, J., who dissents.