Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of FRIEDA MULLER, Widow, Respondent, for Compensation under the Workmen's Compensation Law for the Death of Her Husband, CHARLES W. MULLER, *v.* THE CITY OF NEW YORK, Employer and Self-Insurer, Appellant.

Third Department, November 12, 1919.

**Workmen's Compensation Law — death of laborer employed by Squadron A under Military Law — when city of New York not liable.**

A laborer, appointed under section 188 of the Military Law of the State by the commanding officer of Squadron A to attend the horses of said squadron, who was injured so that he died while engaged in his duties at a farm owned by said squadron, was in the military service of the State and not in the civil service, and the city of New York was not his employer and liable under the Workmen's Compensation Law, although said city paid his wages.

JOHN M. KELLOGG, P. J., dissented.

APPEAL by the defendant, The City of New York, from an award of the State Industrial Commission, entered in the office of said Commission on the 23d day of April, 1919.

*William P. Burr, Corporation Counsel* [*John F. O'Brien, William A. Walling* and *Isaac F. Cohen* of counsel], for the appellant.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], and *Bernard L. Shientag,* counsel to State Industrial Commission, for the respondents.

LYON, J.:

The deceased was appointed a laborer under section 188 of the Military Law of the State by the commanding officer of Squadron A. He was paid by the city of New York upon the certificate of the officer appointing him. His duties were wherever the horses of the squadron were sent. The farm where he was at work when injured was owned by Squadron A, cavalry, New York State National Guard. The association was a corporation composed of members of the military organizations. While engaged in the regular course of his employment on June 7, 1918, he was injured. He died as a result thereof two days later. The widow presented a claim for compensation against the city of New York to the State Industrial Commission. The city opposed the claim upon the grounds that the deceased was an employee of the State and not of the city, and that at the time he was injured he was a farm laborer. The Commission made an award in her favor, from which this appeal has been taken.

Was the deceased an employee of the city of New York? Sections 187 and 188 of the Military Law (as respectively amd. by Laws of 1914, chap. 163, and Laws of 1916, chap. 475) authorize the employment of armorers, janitors, engineers, electricians and laborers for the armories and arsenals occupied by the National Guard of the State, and designate the officers by whom they shall be appointed. Section 189 of the Military Law (as amd. by Laws of 1913, chap. 558) provides that the persons so appointed shall receive certain compensation which, within the city of New York, shall be a county charge upon the county in which such armory is situated, and shall be levied, collected and paid in the same manner as other county charges are levied, collected and paid.

We think the deceased was in the military service, and not in the civil service. (*Matter of Bryant*, 152 N. Y. 412; *Matter of Burns* v. *Fox*, 98 App. Div. 507.) The respondent has cited the case of *Sexton* v. *Public Service Commission* (180 App. Div. 111). There the engineer was supervising the construction of a part of the subway in the city of New York. He was doing work in the interest of the city of New York, under the direction of the Public Service Commission, First District. In the case at bar the deceased was doing the work

of the military organization of the State, although he was being paid by the city of New York. There is no law for the organization of a military service for the city of New York, but the Military Law provides for the establishment, government and duties of persons in the military service of the State.

We have not discussed the question as to the deceased being a farm laborer. The evidence upon that point is meager in the present record, and the decision of that question is not necessary to the determination of the case.

The award must be reversed.

All concurred, except JOHN M. KELLOGG, P. J., dissenting.

Award reversed and claim dismissed.