SALVATORE DICICCO, as Administrator, etc., of ALEXANDER DICICCO, Deceased, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 23289.)

Court of Claims, August 2, 1934.

Benjamin W. Moore, for the claimant.

John J. Bennett, Jr., Attorney-General [Harold P. Burke and James H. Glavin, Assistant Attorneys-General, of counsel], for the State of New York.

RYAN, J.   This claim is filed pursuant to chapter 544 of the Laws of 1933.   There is no question that claimant's intestate was free from contributory negligence and there is no question that his death resulted from the collision of two trucks caused by the attempt of the driver of the truck on which claimant's intestate was riding to pass the truck ahead of them.   Both trucks were owned by the United States government and loaned to the State of New York National Guard for training purposes.   Both trucks were driven by members of the New York National Guard and the claimant's intestate was also a member.   Claimant's intestate and other members of the Guard were returning to Camp Smith at Peekskill from field manoeuvres.

The principal points of the defense are: First, that inasmuch as the National Guard was called into service for training purposes pursuant to the training program of the War Department under the National Defense Act all of the soldiers were not agents, servants or employees of the State of New York, but were agents and employees of the United States government.   We do not agree with the Attorney-General's contention in this regard. The mere fact that the United States Government supplied the money and the equipment to carry on the training program did not take the enlisted guardsmen out of the control of the officers of the National Guard or make them any less agents of the State of New York.

The second point of the defense is that neither the Enabling Act nor the claim make any allegation that the accident was due to negligence on the part of the State, its officers, servants, agents or employees.   The amended claim reads: " The truck was run into by a U. S. A. truck, also used or owned by the National Guard of the State of New York, and the said truck in which claimant's intestate was riding was turned over and claimant's intestate was thrown to the concrete pavement and received injuries which resulted in his death."

The enabling act (Laws of 1933, chap. 544) reads: " Alexander Dicicco  *  *  *  was ordered by his superior officers to enter a

truck, used and owned by the National Guard and while said truck was proceeding along Amawalk Road, Yorktown Heights, Westchester County, it was struck by another truck also owned by the National Guard, causing the truck in which claimant's intestate was riding to turn over, whereby claimant's intestate was thrown to the concrete pavement receiving injuries which resulted in his death. The state hereby consents to have its liability on such claim determined notwithstanding the absence of legal liability for the injuries and death sustained or the failure of the claimant to file a claim therefor or a notice of intention to file such claim, or to do any other act in relation to the presentation of such claim within the time limit prescribed by law, provided such claim be filed within six months after this act takes effect. If the court finds that such injuries, resulting in the death of the said Alexander Dicicco, were received by reason of the negligence of the state, its officers, agents or employees in any manner and that at the time the said Alexander Dicicco was free from negligence contributing to the injuries, damages therefor shall constitute a legal and valid claim against the state and the state shall be deemed liable therefor and the court may award and render judgment for the claimant against the state in such sum or sums as will properly compensate the claimant for the injuries and death sustained.''

The clear implication of this act is that it is based on the negligence of the State, its agents and employees. The fact that the pleading does not use the words '' carelessly,'' '' negligently '' or other synonymous adjectives in reciting that the truck was run into by another truck is not fatal. The allegation supported by the evidence is sufficient for the court to make a finding of negligence.

The third point that the State urges is that there is no evidence of negligence. The claimant proved that the truck on which claimant's intestate was riding attempted to pass the truck ahead of it; that the trucks collided; that the first truck swung around and tipped over and that the second truck piled up on top of it. These facts were undisputed and placed the burden upon the State to establish that the collision occurred from some cause other than the faulty operation of the truck attempting to pass, or of both of the trucks. The State rested its case and offered no proof whatever and we are obliged to find that the collision was the result of negligence on the part of one or both drivers.

The fourth point raised by the State is that claimant's remedy is under the pension laws covering members of the militia, Military Law, sections 220 and 223. We held in *Schmohl* v. *State* (141 Misc. 274) that the remedy provided by this statute was not exclusive. In this case as in the *Schmohl* case the Legislature has granted an enabling act.

State's Exhibit "A" which was a letter written by the mother of the deceased soldier, addressed to his company commander, was merely an appeal for help. It recited: " I wish you would see to this matter to the State for any help or pension which the State allows. I hope that you would do your utmost best to see to my appeal."

This cannot be regarded as an application for a pension under the statute and anyway no action thereon was ever taken by the State authorities.

For these reasons an award must be granted in this claim.

BARRETT, P. J., concurs.