CHESTER G. SPENCE, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 24016.)

Court of Claims, June 12, 1936.

*William F. Schohl [Harry E. Harding of counsel], for the claimant.*

*John J. Bennett, Jr., Attorney-General [Paul Muscarella, Deputy Assistant Attorney-General, of counsel], for the defendant.*

RYAN, J.   Claim filed pursuant to chapter 970 of the Laws of 1935.   Claimant, a member of Third Battalion Headquarters Battery, One Hundred and Sixth Field Artillery, New York National Guard, while in training at Pine Camp, August 29, 1933, participated in an ordered road march.   He was a truck driver and at the command to halt brought his vehicle to the ordered place in line nine feet behind the preceding truck.   When the command came to resume the march claimant stepped in front of his truck to crank it as did the driver of the truck ahead.   There was no self-starting device on the trucks.   The truck ahead backed suddenly and pinned claimant against the front of his vehicle.   His left leg was broken, resulting in permanent shortening and he sustained other injuries.

The driver of the truck ahead, Idem, also an enlisted man, testified that on halting and before dismounting he put his gear in neutral and set the emergency brake.   There was a rest period of a few minutes and Idem did not again examine the gear and brake before cranking.   After the accident he found that, although the brake was on, the gear was in reverse.   It must have been in such position to have caused the truck to back suddenly and violently as it did.   It is not clear how the gear was shifted.   It is suggested on the part of claimant that in dismounting Idem's body pressed against the gear shift handle.   He was required by standing orders to dismount on the right-hand side which necessitated passing between the seat and the gear shift handle where the clearance was

small. There is no explanation of Idem's failure to examine his gear before cranking and we think it was negligent not to do so. The trucks had to be cranked by hand and all at the same time. They were standing so close in line that any unexpected movement of one endangered the man in front of the adjacent truck and perhaps others as well.

Idem's truck had no ignition switch and the motor could be stopped only by choking. However, no causal connection between this fact and the accident is shown. We are asked to make a finding that the truck was mechanically defective. All of the trucks were of an old if not obsolete type. But the State of New York was not required to have the newest or best. It was required to use reasonable care in handling the motor vehicles which it did have. In this duty it failed.

Outside of the question of negligence the Attorney-General interposes several legal defenses. We think their proper disposition is as follows:

1. Idem and the claimant were comrades in arms. But the fellow-servant rule is not available as a defense. We base this conclusion upon a reading of the enabling act in connection with section 12-a of the Court of Claims Act.

2. At the time of the accident the guardsmen were in training pursuant to the terms of the National Defense Act, were " federally recognized members " of the National Guard and the expense of the camp and training was borne by the Federal government. We have already held that these facts are not available as a defense. (*Dicicco* v. *State*, 152 Misc. 541.)

3. Claimant was not restricted to the pension provisions of the Military Law. He could and has elected to proceed under the enabling act. (*Dicicco* v. *State, supra,* citing *Schmohl* v. *State,* 141 Misc. 274.)

Claimant is entitled to an award.

BARRETT, P. J., concurs.