## GLASGOW et al. v. UNITED STATES.
### No. 6417.

United States District Court
N. D. Alabama, S. D.

Jan. 24, 1951.

Caesar B. Powell, Birmingham, Ala., for plaintiffs.

John D. Hill, U. S. Atty., W. R. Bradford, Asst. U. S. Atty., Birmingham, Ala., for defendant.

LYNNE, District Judge.

Moving for a summary judgment pursuant to Rule 56(b), Federal Rules of Civil Procedure, 28 U.S.C.A., defendant is here insisting that the factual allegations of plaintiffs' complaint, as explained by its own supporting affidavits, are insufficient as a matter of law to impose liability upon the United States.

Plaintiffs are content to rest their respective claims upon the contention that a member of the National Guard of the State of Tennessee, while driving a truck, loaned to his unit by the Department of the Army, as authorized by Title 32 U.S.C.A. §§ 21, 31 and 33, in a convoy of the state guard en route to Fort Jackson, South Carolina, to participate in maneuvers for field instruction provided by the Secretary of the Army under the sanction of Title 32 U.S.C.A. §§ 62 and 63, was an employee of the Government within the purview of Title 28 U.S.C.A. § 1346(b).

Because of the somewhat tenuous concept of the relationship existing between the sovereign and the members of its armed forces, the Congress, in enacting the Federal Tort Claims Act, carefully defined the term "Employee of the government" to include members of the military or naval forces of the United States, Title 28 U.S.C.A. § 2671.

Thus, in clear focus emerges the query as to when a member of the National Guard of a state becomes a member of the military forces of the United States. Historians have sometimes reviewed the delicate situations which have arisen repeatedly since our beginnings as a nation when it

was thought necessary to integrate the militia of the several states into a national army.

But while history illumines the spirit of laws, it has no function to perform in the application of legislation whose language is so plain and simple that all who run may read. Turning to the Code, the answer to our inquiry fairly leaps from the statutes establishing the National Guard of the United States. It is expressly provided:

"The members of the National Guard of the United States shall not be in the active service of the United States except when ordered thereto in accordance with law, and, in time of peace, they shall be administered, armed, uniformed,. equipped, and trained in their status as the National Guard of the several States * * * as provided in this title". Title 32 U.S.C.A. § 4a.

Authority to order the National Guard of the United States into active Federal service is found only in Title 32 U.S.C.A. § 81, and Title 50 U.S.C.A.Appendix, § 301. Plaintiffs do not assert that the National Guard of the State of Tennessee had been ordered to active duty under such authority. On the contrary, it is undisputed that on the occasion complained of no such order had been issued.

This court is led unerringly to the conclusion that a member of the National Guard of a state, which has not been ordered into the active Federal service, is not an employee of the Government so as to render the United States liable for his negligence under the Federal Tort Claims Act.[1]

The tendency of the Congress to extend to members of the National Guard engaged in periods of training or field instructions more and more benefits which have long been available to members of the Regular Army has not passed unnoticed. Benefits now available to guardsmen who suffer death or disability during periods of training include pensions, compensation, death gratuity, retirement pay, hospital benefits, and pay and allowances.[2] But neither the provision for these gratuities nor the assumption by the Government of the obligation to pay the personnel[3] of and furnish equipment[4] for the National Guard of the several states argue more than the alertness of the Congress to provide adequately for the National defense. Inducements to enlistment are no less important than provisions for training.

Not every person who accepts or is eligible to receive its bounty is an employee of the Government. In an era of subsidies and grants in aid, such a conclusion would be a complete non sequitur.

Judgment for defendant will be entered in conformity with this opinion.

1. Cf. Mackay v. United States, D.C., 88 F. Supp. 696; Fries v. United States, 6 Cir., 170 F.2d 726; Lind v. Nebraska National Guard, 144 Neb. 122, 12 N.W. 2d 652, 150 A.L.R. 1449; Spence v. State, 159 Misc. 797, 288 N.Y.S. 1009; State v. Industrial Commission (State v. Johnson), 186 Wis. 1, 202 N.W. 191; Nebraska National Guard v. Morgan, 112 Neb. 482, 199 N.W. 557; Muller v. City of New York, 189 App.Div. 363, 178 N.Y.S. 416.

2. Title 32 U.S.C.A. §§ 160a, 164a, 164c and 164d.

3. Title 32 U.S.C.A. §§ 143, 144, 145, 154, 156 and 158.

4. Title 32 U.S.C.A. § 31 ff.