## DUNCAN v. UNITED STATES.
### Civ. A. No. 4115.

United States District Court
N. D. Texas, Dallas Division.
March 14, 1951.

Jess Rickman, Kaufman, Tex., for plaintiff.

Frank B. Potter, U. S. Atty., Fort Worth, Tex., and O. Morris Harrell, Asst. U. S. Atty., Dallas, Tex., for defendant.

ATWELL, Chief Judge.

Leaving out of consideration the claim that Clark, the driver of the truck, was guilty of negligence, and considering solely whether he was within the meaning of Sec. 2671, Title 28 U.S.C.A., an employee of the government, we must determine from the language of that section whether he is included. It provides, " 'Employee of the government' includes officers or employees of any federal agency, members of the military or naval forces of the United States, and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation."

Clark was a caretaker of 148th Armed Infantry Battalion at Terrell, Texas. He was ordered by the Governor, acting through the Adjutant General of Texas, to make a trip to Camp Mabry, at Austin, Texas, for the purpose of receiving a vehicle for the Terrell unit. The order provided for the payment of $7.00 per day with the deduction of $2.00 where state or federal quarters were available. The government paid the account. The order, from which the above is an extract, is denom-

inated Special Order No. 57, dated March 27th, 1950.

The defendant relies on the National Defense Act as amended, 32 U.S.C.A. § 4a, which provides that the National Guard of the United States shall be a reserve component of the Army of the United States. That the members of the National Guard shall not be in the active service of the United States except when ordered thereto, § 81 of Title 32 U.S.C.A. That statute gives the presidential authority for ordering the National Guard into such service.

It may be assumed that the impedimente at the Terrell station is the property of the United States Army. Clark was a caretaker there. When he was ordered to make the trip from Terrell to Camp Mabry at Austin, for the purpose of bringing an additional Army unit from Camp Mabry at Austin, to Terrell, he was being paid a certain amount by the United States.

The determination of whether Clark was an "employee" of the United States at that time, or, a "person acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation", is not exactly a simple matter.

The Governor had ordered, the Adjutant General of Texas had issued orders. The United States authorizes the payment for such actions.

"Employee" is a rather broad signification of one who is employed. Strictly, it means, "a person employed." It has been held to mean one who renders service to another. Watson v. Watson Mfg. Co., 30 N.J.Eq. 588; Gurney v. Atlantic & G. W. R. Co., 58 N.Y. 358. The servant of a contractor for carrying mail is an employee of the department of the post office; United States v. Belew, Fed.Cas.No.14563, 2 Brock 280; also one who received 5% of the cost for superintending the erection of a warehouse, Moore v. Heaney, 14 Md. 558.

I think it also means one who prescribes to a workman the end of his work, or, directs, or, at any moment may direct the means also, or, retains the power of controlling the work. The medium through which the master acts and for whose tortious acts the master is liable.

The government contends that the National Guard is a state organization except when it is called into government service by a call of the President, and, a guardsman injured at a drill is an employee of the state. Baker v. State, 200 N.C. 232, 156 S. E. 917; and the fact that the expense of camp and training was borne by the federal government while the National Guardsmen were in training, pursuant to the National Defense Act, does not relieve the state from liability in a claim against the state for injuries to a member of the National Guard. Spence v. State, 159 Misc. 797, 288 N.Y.S. 1009. The National Guard is not in the service of the United States unless called into that service, and those who are injured while in training are not in federal service. State v. Industrial Comm., 186 Wis. 1, 202 N.W. 191; Nebraska National Guard v. Morgan, 112 Neb. 432, 199 N.W. 557; Muller v. City of New York, 189 App.Div. 363, 178 N.Y.S. 416; Lind v. Nebraska National Guard, 144 Neb. 122, 12 N.W.2d 652, 150 A.L.R. 1449.

The plaintiff contends that Clark was an employee of the United States pursuant to the statute under scrutiny and cites 42a. of Title 32, in connection with such Sec. 42, which relates to the hiring of caretakers.

Such authorization announces that caretakers are "employees" authorized under the provisions of Sec. 90, National Defense Act, 32 U.S.C.A. § 42, for the administration and care of material, armament, vehicles, and equipment, provided for the National Guard and used solely for military purposes. The Secretary of the Army has delegated to the several "Adjutants. General * * *, authority to employ, fix rates and pay, establish duties and work hours, and to discharge employees within the purview of this regulation; * * *."

State Adjutants General are also authorized to grant accounting employees and caretakers annual leave, sick leave, and. military leave (all with pay) in accordance with the provisions of a, b, c and d. They-

will maintain a record of all absences from official duty and duration of such absences and its cause.

Then, there are provisions in National Guard Regulation No. 75–16 with reference to rates of pay for caretakers, 12—Leave.

 The care of war impedimente at both Terrell and Austin was of prime importance to the United States. Clark was such caretaker. He was paid for that service by the United States. That his order to go to Camp Mabry and bring back another unit for the Terrell depot, all of which ordering was under the authority of the Adjutant General for the care of United States property, seems to bring him within in the denomination of the word, "employee," as given and limited and enlarged by the Tort Claims Act under which this suit is brought.

Now, if we think a moment about the question of negligence, because the statute provides that the United States can only be sued, and recovery had for such negligence as would be recoverable upon under the state rule in which the alleged wrong occurred.

The facts here disclose, and I find, that this car that the plaintiff was working on, and his perilous position while he so worked in order to couple it to the other car which was in Clark's custody and keeping at that moment, and under his control, was known to Clark.

The plaintiff was, as I have already said, in a perilous position between the two cars. That was known, as I say, to the employee of the United States. He did something there that caused that car to move backward, so that the plaintiff was caught between the two cars, and, hurt badly.

 I find that Duncan was not guilty of contributory negligence, and, I find that Clark was guilty of negligence, because, he moved his car, or, caused it to be moved, with perfect knowledge of where Duncan was working, and the peril in which Duncan was bound to be, when he moved that car toward the car that Duncan was trying to make the coupling; the injury to Duncan resulted.

Now, as to the extent of his damage after that. He was in the hospital thirty-six days, and then went around on crutches for a time, and while thus afflicted, suffered two other injuries. Those two other injuries may not be hitched to this injury, and, he may not claim damages as a result of three injuries, because, the government is only responsible for one injury.

I think he should recover the amount due for doctors and hospitalization, and, medicine, $567.00, and, $350.00 for the pain and suffering and temporary inability, making a total of $917.00.