DAVID FINKELSTEIN, as Administrator, etc., of JACOB FINKELSTEIN, Deceased, Appellant, *v.* THE CITY OF NEW YORK and MAX S. GRIFENHAGEN, Individually, and as Sheriff of the County of New York, Respondents.

First Department, March 15, 1918.

**Municipal corporations — liability of city for private nuisance — failure to properly maintain jail building — governmental functions — liability of sheriff of New York county.**

The city of New York although it owns the land upon which a jail is located and has allowed the building to become so out of repair as to constitute a nuisance, is not liable for personal injuries resulting therefrom, as it was performing a governmental function.

The sheriff of the county of New York is not charged with the duty of repair and maintenance of the Ludlow Street Jail under the Greater New York

charter, so as to impose upon him any liability for personal injuries resulting from the condition of the building.'

The repair and maintenance of said jail are placed in charge of the borough president under the provisions of the Consolidation Act.

APPEAL by the plaintiff, David Finkelstein, as administrator, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 8th day of December, 1916, upon a dismissal of the complaint by direction of the court at the close of plaintiff's case. ·

*Edward Hymes* of counsel [*Michael Schaap* with him on the brief; *Solomon Sufrin,* attorney], for the appellant.

*Charles J. Nehrbas* of counsel [*Terence Farley* with him on the brief; *Lamar Hardy, Corporation Counsel*], for the respondent The City of New York. ·

*A. S. Gilbert* of counsel [*Godfrey Cohen* with him on the brief], for the respondent Grifenhagen.

SMITH, J.:      ·

In May, 1915, the plaintiff's intestate, a boy ten and one-half years of age, while lawfully upon the premises at 76 Ludlow street, was struck on the head by a brick which fell out of and from the wall of the Ludlow Street Jail, located upon the adjoining premises. From this injury he died. The wall of the Ludlow Street Jail had become very much out of repair; the mortar had disintegrated, so that the bricks were not held in place. From the condition of the wall as shown by the exhibits, it must have been in a condition for so long a time as to have given notice upon proper inspection that it was not a safe one to be allowed to remain. The city owns the fee of the property upon which this jail is situated, and the defendant Grifenhagen, who was the sheriff of the county, had charge of the civil prisoners who were confined within said jail. The plaintiff's contention is that the condition of this wall constituted a nuisance for which the city, as the owner of the property, was liable, and for which also the defendant Grifenhagen, by reason of the custody which it is claimed that he possessed of this jail, was also liable.

The complaint was properly dismissed as to the city of New York, under the authority of *Lefrois* v. *County of Monroe* (162 N. Y. 563). In that case the county was held freed from liability, although by its acts it created a private nuisance, because those acts were in the performance of a governmental function.

As to the defendant Grifenhagen, we are unable to find that he had any such relationship to this building as to impose upon him any duty of repair. The contention of the plaintiff is that he was given custody and control of the jail by section 695 of the Greater New York charter (Laws of 1901, chap. 466, as amd. by Laws of 1907, chap. 637; Laws of 1909, chap. 381, and Laws of 1912, chap. 456).* As I read that section, however, it refers to the sheriffs of Kings and Queens counties only, and not to the sheriff of the county of New York. By section 383 of the Greater New York charter (as amd. by Laws of 1907, chap. 383) the borough president of the borough of Manhattan is given cognizance and control of the construction, repairs, cleaning and maintenance of public buildings, with certain exceptions, and excepting " other buildings whose care and custody are otherwise provided for in this act." The Ludlow Street Jail is not mentioned among the specific exceptions; nor is the care and custody thereof anywhere given in the Greater New York charter. It would seem, therefore, within the meaning of this act, that the sheriff was not charged with the duty of the repair and maintenance of this jail. That the repair and maintenance of this jail were intended to be placed in charge of the borough president would seem to follow from an examination of the Consolidation Act, chapter 410 of the Laws of 1882. By section 1715 of that act (as amd. by Laws of 1886, chap. 676, and Laws of 1897, chap. 364) the sheriff was given the custody of the jail used for the confinement of prisoners committed upon civil process only and of prisoners in the same. Notwithstanding that this custody was given specifically to the sheriff, the duty of repair and maintenance thereof was given to the bureau of repairs and supplies in the department of public works by subdivision 7 of section 317 of the act, and it is pro-

---

* Since amd. by Laws of 1916, chap. 492.— [REP.

vided that the chief officer of said bureau of repairs and supplies should be a practical builder. Without the duty of repair, therefore, it would seem that there can be no legal liability attaching to the defendant Grifenhagen, who, as sheriff of the county, had charge of the prisoners in said jail at the time of the accident in question.

It follows from these considerations that the judgment should be affirmed, with costs.

SCOTT, LAUGHLIN, DOWLING and DAVIS, JJ., concurred.

Judgment affirmed, with costs.