TILLIE GOLDFARB, an Infant, by DAVID GOLDFARB, her Guardian ad Litem, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

(Municipal Court of the City of New York, Borough of The Bronx, Second District, August, 1919.)

Damages — negligence.— when city of New York not liable — governmental capacity.

> The city of New York, while conducting and maintaining a building for the board of health, is acting in a governmental capacity and is not liable in damages to one who, while standing on the adjacent sidewalk, was injured by a pane of glass which fell from one of the windows of the building.

ACTION to recover for personal injuries.

Kornblueh & Hutter (Harry Stackell, of counsel), for plaintiff.

William P. Burr, corporation counsel (David C. Broderick, of counsel), for defendant.

ROBITZEK, J. On May 1, 1918, the plaintiff, an infant, while standing on the sidewalk adjacent to the building commonly known as No. 3731 Third avenue, Bronx, which is under the control of the city of New York, was struck by a pane of glass which fell from one of the windows of the said building, causing the plaintiff to sustain serious, painful and permanent injuries in and about her head and body. Thereafter this action was instituted to recover $1,000 damages for such injuries.

Upon the trial the proof showed that at the time the injuries were sustained the building in question was occupied by the department of health of the city of

Municipal Court of New York, August, 1919.    [Vol. 108.

New York. The plaintiff proved the happening of the accident and that the injuries were sustained. The defendant introduced a lease of the building in evidence, showing that the building had been occupied by the board of health since 1905 to the present day.

The facts of the accident and the attending circumstances, without further proof of the cause, warrant the inference of negligence, and the plaintiff was justified in resting thereon, and this was sufficient to establish a *prima facie* case against the defendant. See *Volkmar* v. *Manhattan R. Co.,* 134 N. Y. 418.

The department of health of the city of New York is organized under the Public Health Law of the state of New York. Laws of 1909, chap. 49. This law makes it mandatory upon the city to maintain a board of health, and under the Greater New York Charter (§ 109) "Said board shall consist of the commissioner of health, the police commissioner, and the health officer of the port." The health officer of the port of New York is not appointed and is not under the jurisdiction of the city of New York, but under section 120 of the State Public Health Law is appointed by the governor, by and with the advice and consent of the senate, and he is also paid by the state. Thus the city of New York, in conducting the department of health, is not acting on its own initiative, but carrying on the mandates of the state law.

The plaintiff contends that although the building was occupied by the board of health, it was under the control of the city of New York, but the courts of this state have held that while the city of New York might control a building, it controls it as a governmental function and not through any choice on its part, and when its control is merely as a governmental function there is no liability.

In *Schlegel* v. *City of New York,* 90 Misc. Rep. 285,

the plaintiff sued for being injured in the Sixth District Municipal Court, borough of Manhattan. He attempted to open a door which was in a defective condition, and which had been in a defective condition for some time before the accident, and the glass in the door fell out and cut him. The court said: " On these facts judgment was rendered for the plaintiff. I think the complaint should have been dismissed. The cause of action was for negligence. In maintaining its Municipal Courts the city acts in its governmental capacity, and is not liable for negligence such as is alleged in this case."

Also in the case at bar both the municipal court buildings and the board of health buildings are under the supervision of the city of New York, but it is quite clear that the city, in supervising the building, exercises a governmental function, for which the city cannot be held liable for negligence arising out of an accident which may happen in and about such buildings.

The superintendent of public buildings, an appointee of the borough president, has the obligation of keeping these buildings repaired and cleaned, while the employees of the department of health use and control the building for all other purposes, and inasmuch as the city of New York has no power in the selection or discharge of the health officer of the port, one of the members of the board of health, it is clear that it cannot be held liable for his acts. No proof has been presented to show that the negligence complained of was caused by the lack of care on the part of the appointees of the superintendent of public buildings as distinguished from the employees of the board of health.

Under these circumstances the courts have frequently held " that the officers who carry on a governmental

function are not the agents of the municipality, but the agents of the public, and for this reason the municipality cannot be sued for their negligent acts. The leading case on this point is *Maxmilian* v. *Mayor*, 62 N. Y. 160. In that case the plaintiff's intestate was killed by being run over by an ambulance wagon. It was held that: "This rule of *respondeat superior*, is based upon the right which the employer has to select his servants, to discharge them if not competent, or skillful or well behaved, and to direct and control them while in his employ. The rule has no application to a case in which this power does not exist."

Referring more particularly to the board of health, the court, in the case of *Bamber* v. *City of Rochester*, 26 Hun, 587, unanimously affirmed without opinion (97 N. Y. 265), said, among other things: "'If the corporation appoints or elects them and can control them in the discharge of their duties; can continue or remove them; can hold them responsible for the manner in which they discharge their trust; and if those duties relate to the exercise of corporate powers and for the peculiar benefit of the corporation in its local or special interest, they may justly be regarded as its agents or servants, and the maxim of *respondeat superior* applies, but if, on the other hand, they are elected or appointed by the corporation in obedience to the statute to perform a public service not peculiarly local or corporate, but because this mode of selection has been deemed expedient by the legislature in the distribution of the powers by the government, if they are independent of the corporation as to the tenure of their office, and the manner of discharging their duties, they are to be regarded as the servants or agents of the corporation for whose acts or negligence it is impliedly liable, but as public or State officers with such powers and duties as the statute

confers upon them, the doctrine of *respondeat superior* is not applicable.' "

In the case of *Gregory* v. *City of New York*, 40 N. Y. 273, the court also held that the board of health was not the agent or servant of the city of New York, and that the city could not be held for its act.

It has also been frequently held that the city is not liable for negligence in carrying on governmental functions along other lines, notably in the case of *Finkelstein* v. *City of New York*, 169 N. Y. Supp. 718. In this case a brick from the wall of Ludlow street jail fell out and struck the plaintiff's intestate, from which injuries he died. In that case the court said, referring to the liability of the city of New York: " From the condition of the wall, as shown by the exhibits, it must have been in a condition for so long a time as to have given notice, upon proper inspection, that it was not a safe one to be allowed to remain. The city owns the fee of the property upon which this jail is situated, and the defendant Grifenhagen, who was the sheriff of the county, had charge of the civil prisoners who were confined within said jail. The plaintiff's contention is that the condition of this wall constituted a nuisance, for which the city, as the owner of the property, was liable, and for which also the defendant Grifenhagen, by reason of the custody which it is claimed that he possessed of this jail, was also liable.

" The complaint was properly dismissed as to the city of New York, under the authority of *Lefrois* v. *County of Monroe*, 162 N. Y. 563. In that case the county was held freed from liability, although by its acts it created a private nuisance, because those acts were in the performance of a governmental function."

From all of these circumstances it seems clear that in conducting or maintaining the building for the

Municipal Court of New York, August, 1919. [Vol. 108.

board of health the city is acting in a governmental capacity, and I therefore render judgment for the defendant.

Judgment for defendant.