FRED MEYER, Administrator, etc., of GEORGE MEYER, Deceased, Plaintiff, *v.* THE CITY OF NEW YORK, Defendant.

Municipal Court of New York, Borough of Manhattan, Second District, February 18, 1937.

*Louis Dubin,* for the plaintiff.

*Paul Windels, Corporation Counsel [Aaron Arnold* and *Frederick P. Bryan* of counsel], for the defendant.

SULZBERGER, J. The plaintiff's intestate was a prisoner, voluntarily committed to the Correction Hospital at Welfare Island. While in the grand stand witnessing a baseball game, the grand stand collapsed, and plaintiff's intestate received injuries which resulted in his death.

The grand stand was erected by the defendant in futherance of the policy of the department of correction.

Assuming negligence in the construction or maintenance of the grand stand, is there any legal liability on the part of the municipality?

It seems to me that this case is ruled by the broad general doctrine laid down in the leading case of *Maxmilian* v. *Mayor* (62 N. Y. 160). In that case, Judge FOLGER said (pp. 164, 165): " There are two kinds of duties which are imposed upon a municipal corporation: One is of that kind which arises from the grant of a special power, in the exercise of which the municipality is as a legal individual; the other is of that kind which arises, or is implied, from the use of political rights under the general law, in the exercise of which it is as a sovereign. The former power is private, and is used for private purposes; the latter is public and is used for public purposes. (*Lloyd* v. *Mayor,* 5 N. Y. 374.) The former is not held by the municipality as one of the political divisions of the State; the latter is. In the exercise of the former power and under the duty to the public which the acceptance and use of the power involves, a municipality is like a private corporation, and is liable for a failure to use its power well, or for an injury caused by using it badly. But where the power is intrusted to it as one of the political divisions of the State, and is conferred not for the immediate benefit of the municipality, but as a means to the exercise of the sovereign power for the benefit of all citizens, the corporation is not liable for nonuser, nor for misuser by the public agents. (*Eastman* v. *Meredith,* 36 N. H. 284.) "

Although the difference between the two kinds of powers is plain and marked, yet, as they approximate each other, it is oftentimes difficult to ascertain the exact line of distinction. When that line is ascertained, it is not difficult to determine the rights of parties, for the rules of law are clear, which establish the rights, immunities and liabilities of municipal corporations when in the exercise of each class of powers. All that can be done with safety is to determine. as each class arises, under which class it falls.

The law seems to be well settled that when a municipality is exercising a governmental function, it is not liable for nonfeasance or misfeasance of its agents at the suit of employees (*Wilcox* v. *City of Rochester*, 190 N. Y. 137; *Hughes* v. *County of Monroe*, 147 id. 49), inmates (*Eddy* v. *Ellicottville*, 35 App. Div. 256; *Lewis* v. *State*, 96 N. Y. 71; *Corbett* v. *St. Vincent's Industrial School*, 177 id. 16), or third persons (*Lefrois* v. *County of Monroe*, 162 N. Y. 563; *Finkelstein* v. *City of New York*, 183 App. Div. 539).

The weight of judicial authority is in favor of the doctrine that the power or duty to make provision for the public health and for the care of the unfortunate victims of mental or physical ailments, is inherent in the sovereign power or State; that it may be delegated to agencies selected for that purpose; that a municipality while engaged in discharging such duty is a mere instrumentality selected by the State; and that in such circumstances, municipality as well as State is exempt from liability for tort. (Cf. 1 Cooley Const. Lim. [8th ed.] pp. 451–453 and cases cited in footnote 1; 4 Dillon Mun. Corp. [5th ed.] § 1661; 6 McQuillan Mun. Corp. [2d ed.] § 2813.)

The exemption of municipalities from liability for personal injury in connection with the conduct of public and governmental functions has been held to extend to injuries arising from the unsafe and defective condition of public buildings and structures used in connection with such functions as fully as to those resulting from the negligent acts of employees. (*Wilcox* v. *City of Rochester*, 190 N. Y. 137; 19 R. C. L. § 401, p. 1123.)

Modern prisons, reformatories and correction hospitals differ radically from those of earlier days. Athletic games and sports are now regarded as a means of reformation and improvement, if not cure. With this end in view, the commissioner of correction ordered the erection of the grand stand heretofore mentioned.

It does not much matter whether that policy is regarded as humanitarianism or as hard-headed common sense. It is no part of the judicial function to interfere with the wisdom or ripe experience of the commissioner of correction.

On principle and authority, I find that the defendant is not liable for negligence causing the death of plaintiff's intestate arising from the unsafe or defective condition of the grand stand.

Verdict set aside, and judgment for defendant, dismissing plaintiff's complaint.