WARREN E. LEWIS, Appellant, *v.* THE STATE OF NEW YORK, Respondent

The State is not liable for the negligence or misfeasance of its agents, unless such liability has been voluntarily assumed by it by legislative enactment.

Plaintiff, while a prisoner in the State reformatory, was injured by the breaking of a ladle in which he was conveying molten iron ; he had discovered a defect in the ladle some time before, and had called the overseer's attention thereto, but no attention had been paid to his complaint. *Held,* that the State was not liable ; that no such liability was imposed, either by the act creating the Board of Audit (Chap. 444, Laws ·of 1876), or by that establishing the Board of Claims. (Chap. 205, Laws of 1883.)

(Argued April 22, 1884; decided May 6, 1884.)

APPEAL from a decision of the Board of Claims, rendered October 10, 1883, dismissing a claim preferred by the appellant against the State on the ground that the facts stated in the petition did not constitute a cause of action.

The substance of said facts are stated in the opinion.

*E. Countryman* for appellant. Plaintiff's claim is equally valid under the statutes conferring jurisdiction on the old Board of Audit and the present Board of Claims against the State. (1 R. S. [7th ed.] 642, § 46; 646, § 1; 648, § 10; 651, § 1; 698, §§ 3–6; Laws of 1830, chap. 293, §§ 1, 2; Laws of 1836, chap. 287, §§ 10, 11; Laws of 1839, chap. 207, §§ 1–6; Laws of 1849, chap. 352, §§ 1, 2; Laws of 1870, chap. 321, § 1; Laws of 1876, chap. 444, §§ 1, 2; 1 R. S. [7th ed.] 49, § 3; Laws of 1883, chap. 205, §§ 1, 12, 7, 10.) These provisions clearly invest the Board of Claims with power to determine, in accordance with the rules of law and principles of justice, any and all claims against the State. (*People* v. *Denison,* 8 Abb. N. C. 133, 134, 139; *Higginbotham, Exr.,* v. *Commvv.,* 25 Gratt. 627, 637–639; *Coster* v. *Albany,* 43 N. Y. 407, 408; *Brigg* v. *Penn,* 16 Peters, 541, 615; *Fordyce* v. *Godman,* 20 Ohio St. 14; *Vedder* v. *Vedder,* 1

Denio, 257; *Denny* v. *Manhattan Co.*, 2 Hill, 220; *Sands* v. *Codwise*, 4 Johns. 536, 558; *McCann* v. *Sierra Co.*, 7 Cal. 121, 123, 124; *Ellison* v. *Halleck*, 6 id. 386, 393; *Dowell* v. *Cardwell*, 4 Saw. [U. S.] C. R. 228, 229; *Mead* v. *Stratton*, 87 N. Y. 493, 496; *Bertholf* v. *O'Reilly*, 74 id. 509, 514; *Valons* v. *Owens*, id. 526, 529.) When the language of a statute is definite and has a precise meaning, it must be presumed to declare the intent of the legislature, and it is not allowable to resort to other means of interpretation, or by conjecture to restrict or extend the meaning. (*Johnson* v. *H. R. R. Co.*, 49 N. Y. 455; *Benton* v. *Wickwire*, 54 id. 226; *McCluskey* v. *Cromwell*, 11 id. 593, 601–3.) There is nothing in the cases relating to the jurisdiction of the United States Court of Claims that conflicts with this doctrine. (Act of Feb. 24, 1855, § 1; 1 Brightley's Dig. 198; *Bassett* v. *Fish*, 75 N. Y. 303; *Weed* v. *Brockport*, 16 id. 161, note; *McCarthy* v. *Syracuse*, 46 id. 194.) All governmental agents, as distinguished from mere political agencies, such as public officers, contractors, corporations and municipalities, have been held to strict accountability. (*Robinson* v. *Chamberlain*, 34 N. Y. 389; *Johnson* v. *Belden*, 47 id. 130; *Fulton Ins. Co.* v. *Baldwin*, 37 id. 648; *Hover* v. *Barkhoof*, 44 id. 113; *Clark* v. *Miller*, 54 id. 528; *Bennett* v. *Whitney*, 18 Weekly Dig. 393; *Adsit* v. *Brady*, 4 Hill, 630; *McMahon* v. *Second Ave. R. R. Co.*, 75 N. Y. 231; *McCarthy* v. *Syracuse*, 46 id. 194; *Little* v. *Banks*, 85 id. 258; *U. S.* v. *Lee*, 106 U. S. 196, 220.) The State was engaged in the business of manufacturing hollow-ware, employed the overseers and received the profits. It also authorized the convicts to be used as laborers in the business and is, therefore, the real principal and responsible for the acts and proceedings of its agents. (Laws of 1870, chap. 427, §§ 8, 9; Laws of 1877, chap. 473, §§ 1, 2, 5; Laws of 1881, chap. 58, §§ 2, 3; 3 R. S. [7th ed.] 2647–2651; *Comen* v. *Bankhead*, 70 Ala. 493; *People* v. *Stephens*, 71 N. Y. 527; *Donalds* v. *State*, 89 id. 36, 44; *U. S.* v. *State B'k*, 96 U. S. 30; *Fifth Nat. B'k* v. *Long*, 7 Biss. U. S. C. R. 503; *Elliott* v. *Van Voorst*, 3 Wall. Jr. 299; 1 Lieber's Polit. Eth. 358, 359; id.

145, 152, 153, 157, 162, 180, 181; 2 Lieber's Mis.. Writings, Penal Law, 474.) The claimant's standing in court and his right of action are not affected by his conviction. (1 Wharton's Cr. Law, §§ 138, 139; 3 R. S. [7th ed.] 2538, § 21; Penal Code, § 709; *Platner* v. *Sherwood*, 6 Johns. Ch. 118.)

*Denis O'Brien*, attorney-general, for respondent. Negligence is never imputable to the State government in the administration of its affairs. In the absence of express legislation authorizing it, the State cannot be held answerable in its courts for the tortious acts or conduct of the officers or agents employed or appointed by it. (Story on Agency [3d ed.], § 319; *Clodfelter* v. *State*, 86 N. C. 51; *State* v. *Hill*, 54 Ala. 67; *U. S.* v. *Kirkpatrick*, 9 Wheat. 720; *Same* v. *Van Zandt*, 11 id. 186; *Same* v. *Nichols*, 12 id. 105; *Dox et al.* v. *Post-master-General*, 1 Pet. 317; *Gibbons* v. *U. S.*, 8 Wall. 269; *People* v. *Russell*, 4 Wend. 570; *Seymour* v. *Van Slyke*, 8 id. 403; *Ray Co.* v. *Bentley*, 49 Mo. 236; *Clark* v. *State*, 7 Coldwell, 306.) The State was not engaged as a corporation in the prosecution of any work or undertaking for its own benefit, but in the performance of a public duty, for the protection of society against the criminal acts of the claimant, and it cannot, under such circumstances, be made liable for neglect or misfeasance, unless the liability is specially imposed by statute. (*Allemongo* v. *Shultz*, 25 Hun, 551; *Hill* v. *Boston*, 129 Mass. 592; *Lorillard* v. *Town of Monroe*, 11 N. Y. 392.) The act creating the State Board of Audit, chapter 444 of the Laws of 1876, does not create any new liability of the State, or enlarge its former liability. The ordinary rules of law are applicable to all such claims, and to the proceedings for their enforcement provided by that act. (*Cerbat Mining Co.* v. *People*, 29 Hun, 81.)

DANFORTH, J. The claimant in March, 1879, was convicted of the crime of burglary and sentenced to the State prison or Industrial Reformatory established at Elmira, described (Laws of 1870, chap. 427) as the State Reformatory. The statute in

relation to this institution declares that its discipline shall be reformatory, empowers its managers to use such means of reformation consistent with the improvement of its inmates as they may deem expedient, and declares that agricultural labor or mechanical industry may be resorted to by them as an instrument of reformation, but excludes the contract system of labor in all its forms, and provides that the prisoners shall be employed by the State.

The claimant was set at work in the hollow-ware department, and while engaged in carrying molten iron in a ladle discovered a crack in the shank which connected the bowl with the handle. He called the overseer's attention to this defect, but no attention was paid to his complaint, and when next used by him the bowl separated from the shank, and the melted iron coming in contact with water on the floor exploded with such effect as to cause him serious injury. In January, 1882, he was discharged. In October, 1882, he presented to the Board of Audit a claim against the State for damages so incurred, and this claim was by force of the statute (Laws of 1883, chap. 205, § 12) transferred to the Board of Claims, where it was dismissed, on the ground that the facts were not sufficient to constitute a cause of action against the State. From this decision an appeal is taken to this court.

It is now contended by the learned counsel for the appellant that the act of the overseer in compelling the claimant to use the defective ladle, after having been notified of its unsafe condition, was an act of the State and of gross and inexcusable negligence. It is apparent that even if this is so the claimant must fail unless the doctrine of *respondeat superior* can be applied to the State, and the State made liable for the negligence or misfeasance of its agents, in like manner as a natural person is responsible for the acts of his servants. We are aware of no principle of law, nor of any adjudged case which makes that application, except when the State, by its legislature, has voluntarily assumed it. The contrary of this is well settled upon grounds of public policy, and the doctrine is so uniformly asserted by writers of approved authority and the courts that

fresh discussion would be superfluous. (Story on Agency, § 319 [7th ed.].) Indeed the principle upon which the doctrine is founded — that he who expects to derive advantage from an act which is done by another for him must answer for any injury which a third person may sustain from it, excludes such a case as we have before us. The claimant was not a voluntary servant for hire and reward, nor was the State his master in any ordinary sense. He was compelled to labor as a means of reformation, and to endure imprisonment as a punishment and for the protection of the community. While employed he was subject to such regulations as the keeper charged with his custody might, from time to time, prescribe, and if in the course of service he sustained injury, it must be attributed to the cause which placed him in confinement. He acquires thereby no claim against the State, nor do the statutes referred to by his learned counsel (Laws of 1876, chap. 444; Laws 1883, chap. 205) create any liability on its part. Therefore, no error was committed by the Board of Claims, and its decision should be affirmed.

All concur.

Decision affirmed.