MONROE L. EINSTEIN and LENA EINSTEIN, Individually and Joined with PAUL MICHAELSON, as Executors and Trustees under the Last Will and Testament of JULIUS EINSTEIN, Deceased, Plaintiffs, *v.* MATHILDA W. MICHAELSON, SIDNEY H. EINSTEIN, GEORGE EINSTEIN, BEATRICE EINSTEIN, HORTENSE EINSTEIN and COLUMBIA TRUST COMPANY, General Guardian of HORTENSE EINSTEIN, a Minor, Defendants.

(Supreme Court, New York Special Term, June, 1919.)

Wills — construction of — trusts — remainders — adoption.

> Where a testator having eight children gave one-half of his estate to his executor in trust to pay the income to his wife during her life and at her death to divide the corpus equally among his surviving children, the issue of any deceased child to take his parent's share, and one of testator's sons died after the making of the will leaving a daughter whom testator later adopted, such daughter is entitled to but a single share in the corpus of the trust fund.

Supreme Court, June, 1919.        [Vol. 107.

Said adopted daughter is also entitled to but a single share in the remaining one-half of the estate which testator directed to be divided into as many parts as he should leave children him surviving except that the share of the son who subsequently died was to be placed in trust for his life with remainder to his issue. She is not, as to either half of the estate, entitled to take both as a child and as a grand-child so as to obtain two shares of the property, one by virtue of the adoption and one as representative of her father.

ACTION for the construction of a will.

Gifford, Hobbs & Beard (John D. Fearhake, of counsel), for plaintiffs.

Stern & Reubens, for defendants Einstein and Michaelson.

C. Lansing Hays, for defendant Columbia Trust Company.

NEWBURGER, J. Action for construction of a will. The testator died February 26, 1919. The will was executed November 12, 1912. At that time he had a wife and eight children living. A son, Arthur, died February 2, 1914, leaving him surviving one child, Hortense, five years old. The testator, by an order of the Surrogate's Court of this county, on the 30th day of October, 1914, adopted Hortense. The will of the testator devised one-half of his estate to the executors in trust to invest, and to pay over the income to his wife during the term of her natural life, and on her death to divide the said one-half of his estate into as many equal parts as there shall be legal issue of his surviving at the time of the decease of his wife, and also one part for each of his children deceased, provided such deceased child shall have left lawful issue such child surviving. As to the other one-half of the

estate, he directed it to be divided into as many parts as he shall leave children him surviving, with the exception of the part or share representing the interest of his son Arthur, as to whose share he provides that a trust be created and the income paid over to Arthur during his natural life, and on his decease, if he shall leave any children him surviving, the income shall be applied to the support and education of said children until the youngest of such children living at the time of the decease of the testator shall live to be twenty-one years, or, on the death of said youngest child before arriving at the age of twenty-one years, then to distribute the principal of said share among the legal issue of said Arthur. As Hortense is the only child surviving Arthur, she is vested with an equal share of the remainder subject to the life tenancy; in other words, if she lives to be twenty-one years she shares equally with the seven children of the testator. This applies not only to the one-half of the estate in trust for the life tenant, but the other one-half of the estate provided for in the 5th and 6th clauses of the will. The contention of the general guardian that because Hortense had, subsequently to the death of her father, been adopted by the testator, her grandfather, she was entitled to take both as child and as grandchild is untenable. The provisions of the will are clear and show the intention of the testator, and to place such a construction thereon would be unreasonable.

Judgment for plaintiffs.