MARGARET McAULIFFE, as Administratrix of the Goods, Chattels and Credits of WILLIAM McAULIFFE, Deceased, Claimant, v. THE STATE OF NEW YORK, Defendant.

## Claim No. 15430.

(Court of Claims, State of New York, June, 1919.)

State — motion to dismiss claim against granted — not liable for damages for torts — negligence — statutes — master and servant — Military Law, §§ 220–224.

The state is not liable in damages for torts committed by its agents or servants unless it has voluntarily assumed such liability.

A motion in the Court of Claims to dismiss a claim against the state for the death of a militiaman which is alleged to have been caused by the improper and negligent treatment given him while being vaccinated by a doctor in charge at a state armory, and which is further alleged to have been due to the impurity and dangerous character of the vaccine, should be granted.

The state has by statute (Military Law, §§ 220–224) provided another tribunal and method for affording relief to the dependents of soldiers who die while in service either from injuries or from illness.

MOTION to dismiss claim.

J. Walter Robertson (Mills & Mills, of counsel), for claimant.

Henry C. Henderson and Edward M. Brown, deputy attorneys-general, for state.

SMITH, J. This is a motion to dismiss the claim, upon the ground that the notice of claim does not state facts sufficient to constitute a valid claim against the state of New York.

It is claimed, and for the purposes of this motion the claim must be taken as true, that William J. McAuliffe, while an enlisted man in the state militia, pursuant to an order made by the duly constituted military authorities was inoculated with an immunizing vaccine administered at one of the state's armories by a doctor in charge at said armory who was duly authorized by the state of New York to administer such treatment, that the vaccine used for such inoculation was impure and dangerous to life and otherwise improper for the purpose for which it was used, that its injection was improper, that said treatment was improperly administered and applied, and that as a result of said treatment or inoculation and the manner and method in and by which it was administered, the said William J. McAuliffe thereupon became sick and required and received medical attention, and thereafter and as a result of said treatment or inoculation and the manner and method in which and by which it was administered, and without any fault or negligence on the part of said McAuliffe, he died at Mount Sinai Hospital, New York city, on June 26, 1916.

The claimant is the mother of said deceased, and as administratrix of his estate has filed this claim asking judgment against the state in the sum of $25,000 damages for his death, together with $280 necessarily expended for his medical care and treatment.

The motion to dismiss is predicated upon two grounds:

*First.* That the state is not liable for the negligence or incompetence, or both, of the physician, either as to the methods employed by him or the vaccine used in performing the inoculation, because the state, it is urged, is not liable for the torts of its agents and servants unless it has accepted such liability, and

· *Second.* Because the case is one submitted by law

to a different tribunal than the Court of Claims for audit, determination or adjustment.

The motion to dismiss should be granted. States are not liable in damages for torts committed by their agents or servants unless such liability has been voluntarily assumed by act of the legislatures. *Lewis* v. *State of New York,* 96 N. Y. 71; *Sipple* v. *State of New York,* 99 id. 284; *Stone* v. *State of New York,* 138 id. 124; *Litchfield* v. *Bond,* 186 id. 66. This rule follows from the maxim of the English common law " The king can do no wrong," and not alone from that other rule of the English common law that the sovereign can not be sued without his consent. In *Poindexter* v. *Greenhow,* 114 U. S. 270–290, the court applied the English rule or maxim to the American form of government, and stated the principle as follows: " The State itself is an ideal person, intangible, invisible, immutable. The government is an agent, and, within the sphere of the agency, a perfect representative; but outside of that, it is a lawless usurpation. \* \* \* it is also true, in respect to the State itself, that whatever wrong is attempted in its name is imputable to its government, and not to the State, for, as it can speak and act only by law, whatever it does say and do must be lawful. That which, therefore, is unlawful \* \* \* is not the word or deed of the State, but is the mere wrong and trespass of those individual persons who falsely speak and act in its name."

This immunity from liability for the torts of its agents and servants the state has not utterly and entirely abdicated by the enactment of section 264 of the Code of Civil Procedure. While it has been held that by the enactment of that statute the state has consented to be held liable in every case in which an individual or a corporation would be liable on the same facts

(*Burke* v. *State of New York,* 64 Misc. Rep. 558; 13 Court of Claims, 153; *Arnold* v. *State of New York,* 163 App. Div. 253; *Smith* v. *State of New York,* 17 Court of Claims, 98; 13 State Dept. Rep. 57), those cases have been, in part at least, overruled by *Barrett* v. *State of New York,* 220 N. Y. 423. In the *Barrett* case it was held by the Court of Appeals that it is not true that whenever an individual is liable for a certain act the state is liable for the same act. Whether it was the intention of the Court of Appeals in the *Barrett* case, to overrule utterly the *Arnold, Burke* and *Smith* cases, or to state a class of exceptions to the rule stated in those cases, it is not necessary for the purposes of this case to say, for if the intention were the former the rule is repudiated, and if the latter this claim falls within the excepted class, because in organizing and mobilizing the National Guard for the public defense, the state is exercising one of the highest and most important of the attributes of sovereignty and of the functions of government in the interest of the public at large, and under such circumstances, according to the rule of the *Barrett* case, it can not be held liable for the negligence of its agents or servants.

Furthermore, the state has by statute provided a tribunal and a method for affording relief to those of its soldiers who shall be wounded or incapacitated as a result of illness and for pensioning dependents of such soldier, including his widow, minor children or dependent mother, in case he shall have died as the result of injuries received or from illness. Military Law, §§ 220–224. The state having furnished such tribunal and submitted such cases to it for its consideration, this court is denied by section 264 of the Code of Civil Procedure jurisdiction to hear and determine such claims.

ACKERSON, P. J. (concurring). I concur in the result arrived at by Judge SMITH, but I do not agree with him in his construction of the scope, effect and purpose of section 264 of the Code of Civil Procedure.

CUNNINGHAM, J., concurs with ACKERSON, P. J.

Motion granted.