ANDREW LEWIS, as Administrator, etc., of JULIUS LEWIS, Deceased, Respondent, *v.* THE STATE OF NEW YORK, Appellant.

Third Department, July 7, 1921.

State — enabling act (Laws of 1918, chap. 611) does not render State liable for death of member of National Guard from injury arising from negligence of decedent while performing act in violation of duty — Legislature cannot direct payment of claim where there is no legal or moral obligation against State.

An enabling act (Laws of 1918, chap. 611) is invalid which provides for the payment of damages to the widow and child of a member of the National Guard for his death which was caused by his own negligence

in being drawn up from the floor of the armory to the balcony, by means of a block and fall, 'n clear violation of his duties as a soldier, for such payment would constitute a pure gift in violation of the Constitution; the Legislature cannot direct the payment of a claim where there is no legal or moral obligation against the State.

Moreover, if the validity of the enabling act be conceded, as authorizing the court to give damages for a legal or moral obligation, the evidence does not bring the case within it, as it established that the death resulted in a manner different from that stated in the act.

APPEAL by the defendant, The State of New York, from a judgment of the Court of Claims in favor of the plaintiff for $5,000, entered in the office of the clerk of said court on the 1st day of September, 1920.

*Charles D. Newton, Attorney-General [Henry C. Henderson, Deputy Attorney-General,* of counsel], for the appellant.

*Kremer & Leavitt [Samuel Leavitt,* of counsel] and *Brackett, Todd, Wheat & Wait [Benjamin P. Wheat* of counsel], for the respondent.

JOHN M. KELLOGG, P. J.:

The plaintiff's intestate was a member of the National Guard. The company was going into camp " and the various articles belonging to the said company intended to be used at the camp were placed in boxes and lowered from the upper balconies of the said Armory. The said boxes containing said articles were being lowered from the upper balconies to the drill floor of the said Armory, which was a distance of about forty feet, by means of a block and fall. The said Julius Lewis after doing the work on the ground floor of the said Armory, of untying the said boxes from the said hoist and pushing them aside, was, together with other members of the same company, requested by the commanding officer in charge to go to the company room adjoining or near said balcony, there being more work to be done there; and that the said Julius Lewis was thereupon hoisted by means of the said block and fall by two enlisted men, he holding fast to the rope which was connected with the pulley on said block, and as he reached the top balcony, while being so hoisted, he loosened one hand and reached out for the rail of the said

balcony and in so doing slipped and fell to said drill floor, striking the boxes which had been lowered as aforesaid and received the said injuries from which he died as aforesaid." The court found the facts as above, and that there was no evidence tending to show that the State or any officer or representative thereof failed or neglected to perform any duty or obligation which it, or he, owed to the deceased at the time and place of the accident which resulted in his death, and that his death was due to his own carelessness and negligence. It is difficult under *Babcock* v. *State of New York* (190 App. Div. 147) to see how the State can be made liable for his death.

Chapter 611 of the Laws of 1918, the so-called enabling act, is very broad. It permits the Court of Claims to hear, audit and determine the claim of the widow and daughter against the State " for damages for the death of said deceased, alleged to have been caused by personal injuries alleged to have been sustained by him on or about the thirteenth day of July, nineteen hundred and sixteen, while at work as an enlisted member of the twenty-first company coast artillery corps of the National Guard, New York, in the armory of the ninth coast defense command, at one hundred and twenty-five West Fourteenth street, in the city and county of New York, engaged in hoisting and lowering cases pertaining to his said company or to said armory, or to the military establishment of the State of New York, or to military service, by reason of his being precipitated and falling from above the balcony to the drill floor of said armory and striking his head against a case; that in conducting such hearing, the court shall not be bound by common law or statutory rules of evidence or by technical or formal rules of procedure, but may conduct the same in such manner as to ascertain the substantial rights of the parties; and if the court finds that such injuries were so sustained, damages therefor shall constitute a legal and valid claim against the State, and the court shall award to and render judgment for the claimants for such sum as shall be just and equitable, notwithstanding the lapse of time since the accruing of damages, provided the claim herein is filed with the Court of Claims within one year after this act takes effect."

It is quite evident from the last sentence of the act that it intended to relieve the claimant from default in not filing the claim in time. (See Code Civ. Proc. § 264.) If it intended to go further than that the case must fall within *Munro* v. *State of New York* (223 N. Y. 208), where it was held that a statute substantially like this did not allow the claim, or compel the Court of Claims to allow it, but permitted the court to hear and determine the case according to the law and equity, and if there was a liability to enforce it against the State. At the most, in the *Munro* case a moral obligation was ripened into a legal claim. If the claimant had been injured in this case while performing a military duty, and without any fault on his part, very probably the case would fall under section 220 of the Military Law which gives a pension.

If there was no moral obligation against the State to make good the loss for his death, there is no reason why it should pay for a death caused by negligence of the deceased and by his clear violation of duty. He was engaged in horse-play, demonstrating to his associates his alertness and courage, and he overestimated himself in that respect. In the *Munro* case, and the other cases where similar legislation has been sustained, there has been an apparent equity in favor of the claim. Here, as matter of fact, there is none. The enabling act foreshadows that the claimant was injured while performing a military duty. The evidence shows such was not the fact, and that he was injured by his own negligence and in disregard of his duties as a soldier. A payment by the State to the widow and child under these circumstances would be a pure gift and in violation of the Constitution.

If we concede the validity of the statute, as authorizing the court to give damages for a legal or moral obligation, the evidence does not bring the case within it, as it established that the death resulted in a manner different from that stated in the act. The Legislature cannot direct or authorize the payment of a claim where there is no legal or moral obligation against the State. It cannot, by declaring that there is a moral obligation, where there is none, create a liability. I favor a reversal and a dismissal of the claim.

All concur.

Cochrane, J. (concurring):

The enabling act (Laws of 1918, chap. 611) recites that the injuries of the deceased are alleged to have been sustained while " engaged in hoisting and lowering cases " and then provides that " if the court finds that such injuries were so sustained " it shall award judgment in favor of the claimants. The evidence discloses and the court finds that the deceased was not " engaged in hoisting and lowering cases " when he received his injury. The finding is that it was " after the last case or box had been lowered." Nor was he doing anything when injured which was pertinent or incidental to the work of " hoisting and lowering cases." The facts stated in the statute as a condition of a judgment in favor of the claimant having been found not to exist there is no basis for such judgment. I, therefore, agree that the judgment should be reversed and the claim dismissed.

Judgment reversed and claim dismissed, with costs.