became entitled to have the said metals, which are specified in the complaint, delivered to it, and that refusal of the defendant to deliver them constituted a conversion. The defendant claimed that the terms of settlement of the earlier action did not include the delivery of the metals to the plaintiff, but that the action was settled on the basis of his receiving $8,500 in cash and also keeping the metals, and also that the general release given by the plaintiff at the time of the settlement was a bar to its claim for the metals.

*William W. Armstrong* for appellant.
*Chauncey B. Garver* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ. Absent: HISCOCK, Ch. J.

---

ANDREW LEWIS, as Administrator of the Estate of JULIUS LEWIS, Deceased, Appellant, *v.* THE STATE OF NEW YORK, Respondent.

*State — constitutional law — claim against state for death of member of National Guard — finding that death was not result of neglect on part of any officer or representative of state, but occurred through carelessness and negligence of deceased — legislature may not authorize payment of claim in absence of legal or moral obligation of state.*

*Lewis v. State of New York,* 197 App. Div. 712, affirmed.
(Submitted October 9, 1922; decided November 21, 1922.)

APPEAL from a judgment entered July 30, 1921, upon an order of the Appellate Division of the Supreme Court in the third judicial department reversing a judgment in favor of claimant entered upon an award of the Court of Claims and directing a dismissal of said claim. Claimant, a member of the National Guard, had been engaged in lowering from a balcony to the floor of the drill shed in a state armory, by means of a block and fall, articles to be used in camp. It being necessary that he go to the balcony he elected to be hoisted up by the tackle and when near the balcony slipped and fell receiving injuries from which he died. The Court of Claims found:

" That there is no evidence that the state or any officer or representative thereof failed or neglected to perform any duty or obligation which it or he owed to the deceased at the time and place of the accident which resulted in the death of decedent. That the death of the decedent was due to his own carelessness and negligence." The Appellate Division held that there was no legal or moral obligation upon the part of the state to pay damages for the death and that the legislature was without power to authorize payment of such claim.

*Samuel Leavitt* for appellant.

*Charles D. Newton, Attorney-General (Henry C. Henderson* of counsel), for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

JAMES C. DAVIS, Director-General of Railroads, as Agent of the ERIE RAILROAD COMPANY, Appellant, *v.* JAMES A. P. RAMSDELL et al., as Copartners under the Firm Name of THE KING COAL COMPANY, Respondent.

*Carriers — railroads — demurrage — allowance for bunched deliveries and frozen shipments.*

*Davis* v. *Ramsdell,* 201 App. Div. 855, affirmed.

(Argued October 19, 1922; decided November 21, 1922.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 11, 1922, unanimously affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term. The action was brought to recover demurrage on cars of coal consigned to the defendants at Newburgh, N. Y., and the amount of demurrage claimed was $5,345. Upon the trial the defendants relied upon two affirmative defenses, viz.: That the defendants were entitled to free time for unloading beyond that allowed in the complaint, because the cars had been " bunched " and delivered in accumulated numbers; and that the