LOUIS C. SCHMOHL, Claimant, *v.* THE STATE OF NEW YORK, Respondent.

Claim No. 19869.

Court of Claims, September 9, 1931.

*Benjamin McClung* [*Charles B. Sullivan* of counsel], for the claimant.

*John J. Bennett, Jr., Attorney-General* [*James H. Glavin, Jr.,* of counsel], for the State of New York.

PARSONS, J. There is no dispute as to the facts causing this accident. The claimant was a regularly enlisted member of the National Guard of the State of New York and was regularly assigned as a truck driver at the annual encampment of the Two Hundred

and Twelfth Coast Artillery in training at Fort Ontario on July 24, 1925. His duty was to drive the truck that carried the machine guns and men to and from the camp and the firing range. He had no other or further duty in connection with the guns. After the guns had been used and were being loaded on the truck by other men, a cartridge that had been negligently and carelessly left in the chamber of one of the guns exploded and seriously injured claimant's left arm. The claimant was a plasterer and lived at Jackson Heights, Long Island, N. Y., and was eighteen years old at the time of the accident.

The claim was presented under the provisions of an enabling act, chapter 818 of the Laws of 1930.

The left arm of the claimant is permanently disabled and seriously interferes with the performance of his labor as a mason plasterer.

As I stated, there is really no dispute as to the facts.

The State seems to rely on the Military Law for its defense. I cannot agree with the conclusions arrived at by the State. It seems to rely on the theory that because there is a remedy under the Military Law for injury or permanent disability (Military Law, §§ 220, 223, as amd.), such is the only remedy and cites as authority therefor *McAuliffe* v. *State* (107 Misc. 553).

That case was a decision of this court, and while I agree with the conclusion arrived at in the *McAuliffe* case, the distinguishing feature between the *McAuliffe* case and the case at bar is the waiver of the State's immunity in the case at bar by chapter 818 of the Laws of 1930.

The case of *Lewis* v. *State* (197 App. Div. 712) has no application for the reason that in the *Lewis* case there was a distinct finding that the accident was not caused in the line of duty and was due to the negligence of the claimant. No such finding can be made in this case as the military board found it was caused in the line of duty and the court finds that a failure to properly inspect the gun before loading on the truck was negligence.

The so-called remedy under the Military Law (§§ 220, 223) is nowise exclusive. In this respect it differs from the Workmen's Compensation Law. Chapter 615 of the Laws of 1922, as amended, makes the remedy therein exclusive. (See *Shanahan* v. *Monarch Engineering Co.*, 219 N. Y. 469.)

In the case at bar two remedies are provided, to wit, sections 220 and 223 of the Military Law and chapter 818 of the Laws of 1930.

The claimant has elected to pursue the latter remedy, which he has a right to do, as the Legislature has given him this right by the passage of chapter 818 of the Laws of 1930.

He has been permanently disabled from pursuing his chosen occupation and is entitled to substantial award. It is necessary for a plasterer to hold his hawk in his left hand and to be able to turn it to accommodate the material thereon which claimant as the result of the injury is unable to do. He will be so disabled the rest of his life due entirely to the negligence of a State officer (to wit, an officer of the National Guard of the State).

In my judgment he is entitled to an award of $15,000.

POTTER, J., concurs.