MORRIS GOLDSTEIN and Another, as Administrators, etc., of JACK GOLDSTEIN, Deceased, Claimants, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 24726.)

Court of Claims, July 1, 1938.

*Samuel S. Leibowitz* [*Julius Appelbaum* of counsel], for the claimants.

*John J. Bennett, Jr., Attorney-General* [*Joseph L. Delaney, Assistant Attorney-General,* of counsel], for the defendant.

GIBBS, J.   This claim was filed to recover $50,215 for the death of claimants' intestate, August 9, 1936, alleged to have been caused by reason of the negligence of the State, its officers, agents or employees.

Jack Goldstein, the deceased, was twenty-eight years of age, unmarried and lived with his parents, four brothers and sisters, in the County of Bronx, New York.   At the time of his death he was, and had been for five years prior to that, a member of the 105th Field Artillery, National Guard of New York State.

On August 9, 1936, by order of his superior officers, he was directed to proceed from the Armory in the Bronx, to Pine Camp at Watertown, New York, by a designated military truck, No. 105-F.A.-12, which was owned by the Federal Government and under the control of and operated by said 105th Field Artillery of New York State. This was a part of a convoy of about forty trucks. Ten members of said National Guard were assigned to each truck, a chauffeur, a corporal, and eight men. Jack Goldstein was one of the eight men in the rear of the truck. The chauffeur, Seymour Thal, and corporal Stark were in the driver's seat.

The accident occurred at Catskill, New York, about 1:30 P. M. by reason of the said truck's striking the iron superstructure of a bridge, which precipitated it down an embankment of twenty-two feet onto a railroad track, demolishing the truck and causing injuries to claimants' intestate from which he died that night.

At the opening of the trial, the State moved to dismiss the claim on two grounds:

First — that the claim as served being for more than five hundred dollars, was typewritten instead of printed, in violation of the rules of the Court; and

Second — that the claim does not state facts sufficient to constitute a cause of action; that there were only two remedies open to claimant and which were exclusive.

(a) Under the Military Law of the State.

(b) Under the Workmen's Compensation Law.

Decision on this motion was reserved at that time; at the close of the claimants' case the motion was renewed and decision reserved. Disposition of this motion must now be made prior to the consideration of the claim on the merits.

The printing of claims above five hundred dollars is required by rule eleven of the Court of Claims Act; this rule was established for the convenience of the court and other State officers and employees upon whom devolves the duty of the investigation and disposition of the claims.

The rules of the Court are procedural and not jurisdictional and may be, and at times are, waived, when sufficient reasons appear for such action.

In the present action, the claim was subsequently printed and by *nunc pro tunc* order filed and served in the place of those which were typewritten.

In all previous claims which have been brought to our attention, in which the claimant was a member of a State military organization, or National Guard, the claimant had a special act of the Legislature, commonly called an Enabling Act, permitting the

filing of the claim, which fact vitally distinguishes those cases from the instant claim, in which there is no Enabling Act. (*Lewis* v. *State* [*1921*], 197 App. Div. 712; affd., 234 N. Y. 587; *Schmohl* v. *State* [*1931*], 141 Misc. 274, 275; *Dicicco* v. *State* [*1934*], 152 id. 541; *Spence* v. *State* [*1936*], 159 id. 797).

In the *Lewis Case* (*supra*), recovery was denied because of contributory negligence of claimant, and that his acts were outside the provisions of the Enabling Act. The Court, however, stated:

" If the claimant had been injured in this case while performing a military duty, and without any fault on his part, very probably the case would fall under section 220 of the Military Law, which gives a pension."

In discussing the *Schmohl Case* (*supra*), the court said:

" The so-called remedy under the Military Law (§§ 220, 223) is nowise exclusive. In this respect it differs from the Workmen's Compensation Law. Chapter 615 of the Laws of 1922, as amended (§ 11), makes the remedy therein exclusive. (See *Shanahan* v. *Monarch Engineering Co.*, 219 N. Y. 469.)

" In the case at bar two remedies are provided, to wit, sections 220 and 223 of the Military Law and chapter 818 of the Laws of 1930. (The Enabling Act.)

" The claimant has elected to pursue the latter remedy, which he has a right to do, as the Legislature has given him this right by the passage of chapter 818 of the Laws of 1930."

The claim at bar, as presented by both sides, rests entirely upon the theory that claimants' intestate was an employee of the State of New York. (*Dicicco* and *Spence Cases, supra.*) These two cases also reaffirm the *Schmohl* and *Lewis* decisions.

In each of the above cases, the claimant chose to present his claim under the Enabling Act, secured for that particular purpose, disregarding by that choice any other remedy under any other law which he may have had. The case of *Schwartz* v. *State*, 277 N. Y. 567, was a claim filed in the Court of Claims by the Administrator of a canal employee of the State of New York, without an Enabling Act; the Court of Claims made an award (161 Misc. 751); which was reversed (251 App. Div. 634); and the Appellate Division was affirmed by the Court of Appeals — BLISS, J., stated (251 App. Div. p. 636):

" All employees of the State are brought within the provisions of the Workmen's Compensation Law by group 16 of subdivision 1 of section 3 of that law." Said group 16 reads as follows:

" Any employment by the state, notwithstanding the definitions of the terms ' employment,' ' employer ' or ' employee ' in subdivisions three, four and five of section two of this chapter," shall receive compensation for injuries or death.

These sections are all inclusive, and in the absence of a special act by the Legislature, compel a member of the State National Guard to seek his remedy under the Military Law or the Workmen's Compensation Law, for any injury received in the line of duty in the military service of the State.

Counsel for claimants argues that section 12-a, supplemented by section 15, of the Court of Claims Act amounts in substance to a special or enabling act sufficient to give the Court of Claims jurisdiction of the instant action in the event that an enabling act should be deemed to be necessary; we are not in agreement with that interpretation of these acts.

In 1929 the Legislature added section 12-a to the Court of Claims Act, thereby widening the jurisdiction of the Court of Claims:

" The state hereby waives its immunity from liability for the torts of its officers and employees and consents to have its liability for such torts determined in accordance with the same rules of law as apply to an action in the supreme court against an individual or a corporation, and the state hereby assumes liability for such acts, and jurisdiction is hereby conferred upon the court of claims to hear and determine all claims against the state to recover damages for injuries to property or for personal injury caused by the misfeasance or negligence of the officers or employees of the state while acting as such officer or employee.  Such claim must be submitted pursuant to the procedural provisions of the court of claims act. *Nothing herein contained shall be construed so as to affect, alter or repeal any provision of the workmen's compensation law.*" (Italics are mine.)

Group 16 of the Compensation Law above quoted became effective in 1924, or five years prior to the enactment of section 12-a, which specifically exempts from section 12-a " any provision of the Workmen's Compensation Law."

These sections then, when read together, lead to the conclusion that section 12-a provides that only those who are not employees of the State of New York may present their claims to the Court of Claims, without enabling acts.

The Court of Claims is a court of limited jurisdiction and obtains its right to act on any claims directly from the Legislature.  Such laws conferring jurisdiction must be strictly construed and cannot be enlarged by interpretation by the Court itself.

Subdivision 5 of section 15 of the Court of Claims Act, added by the Laws of 1936, recites among other things that:

" A claimant who fails to file a claim or notice of intention * * *  may, nevertheless, in the discretion of the court, be permitted to file such claim at any time within two years after the

accrual thereof, or in the case of a claim for wrongful death within two years after decedent's death."

The balance of said subdivision 5 relates to the procedure by which the court may relieve the default in the time of filing of a claim, and that is the extent of its power. (*Schroeder v. State*, 252 App. Div. 16.) Subdivision 5 of section 15 does not add to the jurisdiction of the court any claims of a different character or by a different class of persons than it already had before the enactment of that provision. This claim must be dismissed for lack of jurisdiction.

The State's Motion to dismiss the claim herein on the law is hereby granted.

It is so ordered.

ACKERSON, J., concurs in result; RYAN, J., dissents.

FRED M. ACKERSON, official referee, acting as judge (concurring in result).

I agree with my associate Judge GIBBS that the motion made by the Attorney-General to dismiss this claim must be granted.

I believe, however, that this court is deprived of jurisdiction to hear and determine this claim because the matter involved has been submitted by law to another tribunal or officer for audit or determination and the claim is not one founded upon an express contract.

Section 220 of the Military Law as it existed at the date of the injury and death of claimants' intestate read as follows: " Every member of the active militia who shall be wounded or disabled * * * in the performance of any actual service of this state * * * while engaged in any lawfully ordered parade, drill, encampment or inspection, shall, upon proof of the fact, as hereafter provided, be placed on the roll of invalid pensioners of the state, and shall receive, out of any moneys in the treasury of the state, not otherwise appropriated, upon the audit of the adjutant-general of the state and approval of the governor, the like pension or reward that persons under similar circumstances receive from the United States, and in case of any wound, injury or disease so received or contracted causing death within one year thereafter, then the widow, minor children or dependent mother of such member of the militia shall receive such pension and reward as persons under similar circumstances receive from the United States, provided, that application is made therefor within one year after the date of such death."

I have quoted such part of the section as is applicable to this case.

It will be seen, therefore, that here is a specific act of the Legislature providing for the compensation to be made by the State to those members of the militia who are wounded or to the dependents of those who die from wounds received while in the active military service of the State as was these claimants' intestate.

When the Legislature conferred jurisdiction upon the Court of Claims to hear and determine claims against the State by section 264 of the Code of Civil Procedure and thereafter readopted it with some amendments as section 12 of the Court of Claims Act, it specifically stated that the court has no jurisdiction of certain claims which it therein described in the following language: " But the court has no jurisdiction of a claim submitted by law to any other tribunal or officer for audit or determination except where the claim is founded upon express contract and such claim, or some part thereof, has been rejected by such tribunal or officer." The Military Law provides, as appears from the section quoted above, that the mother of this decedent was entitled to present her claim for the " pension and reward " provided for in such cases for audit to the Adjutant-General of the State, and after his audit had been approved by the Governor, the mother would receive from the State Treasury the " pension and reward " provided for by law in such cases.

It seems plain, therefore, that the act conferring jurisdiction upon the Court of Claims has in clear and unmistakable language excepted from that jurisdiction such claims as the one before us here. Compensation for wounds, injuries, and death incurred in the active military service of the State, in which this decedent was engaged at the time of his death, was at all the times herein mentioned specifically provided for by the Military Law of the State.

This exception to the jurisdiction of the Court of Claims was first commented on by a judge of this court, I believe, in the case of *McAuliffe* v. *State* (107 Misc. 553).

McAuliffe was a militiaman in the State service. Pursuant to an order of his superior officer he was vaccinated with vaccine which was impure and dangerous to life and which was improperly administered. Thereafter he became sick and died as a result of such vaccination.

Thereafter his administratrix filed a claim against the State demanding damage for his death caused by the negligence of the agents of the State.

The State thereupon made a motion to dismiss the claim on the grounds:

1. That the State was not liable for the torts of its agents and servants unless it has accepted such liability.

Of course, this was long before section 12-a was enacted and without an enabling act the Court of Claims did not have any jurisdiction to grant relief for damages suffered through the negligence of the agents or servants of the State, as Judge SMITH pointed out in his opinion.

2. The second ground stated by the Attorney-General for dismissing the claim was that the case was one submitted by law to a different tribunal than the Court of Claims for audit, determination and adjustment.

Judge SMITH held that the motion to dismiss the claim must be granted on the first ground and also on the second ground because the statute provided a tribunal and method for affording relief in such cases in the Military Law.

Judge SMITH further held that this court did not have jurisdiction to hear the claim in any event owing to this language in section 264 of the Code of Civil Procedure (now § 12, Ct. Claims Act), to wit: " But the court has no jurisdiction of a claim submitted by law to any other tribunal or officer for audit or determination except where the claim is founded upon express contract and such claim, or some part thereof, has been rejected by such tribunal or officer."

And so the claim was dismissed.

Apparently from the record in that case, as set forth in the published reports, Judge CUNNINGHAM and myself did not fully concur with Judge SMITH in his interpretation of this language in section 264 of the Code.

However, upon reconsideration of the matter at this time I think there can be no doubt about the correctness of Judge SMITH's conclusions.

Again, in 1921, in the case of *Lewis* v. *State* (197 App. Div. 712), this exception to the jurisdiction of the Court of Claims in section 264 of the Code of Civil Procedure, now section 12 of the Court of Claims Act, was commented on by Justice JOHN M. KELLOGG, presiding justice of the Appellate Division of the Supreme Court, Third Department.

In that case Lewis, the claimant, was a member of the National Guard of this State. The company to which Lewis belonged was preparing to go into camp, and the claim alleged that, while he was handling boxes in the armory in connection with that preparation, he was injured.

The Court of Claims, acting under a special act of the Legislature for that particular case, rendered a judgment in Lewis' favor for the damages received. This judgment was reversed by the Appellate Division, Third Department, on the ground that Lewis was injured through his own negligence and while engaged in an act which was a clear violation of his duty.

In addition, Presiding Justice KELLOGG took occasion to remark in his opinion as follows, to wit: " If the claimant had been injured in this case while performing a military duty, and without any fault on his part, very probably the case would fall under section 220 of the Military Law, which gives a pension."

This decision was affirmed unanimously by the Court of Appeals without opinion. (*Lewis* v. *State*, 234 N. Y. 587.)

Later on we had the decision in *Schmohl* v. *State* (141 Misc. 274).

Schmohl was a regularly enlisted man in the National Guard and was assigned as a truck driver at the annual encampment of the 212th Coast Artillery at Fort Ontario on July 24, 1925. While machine guns were being loaded on his truck, a cartridge that had been negligently and carelessly left in the chamber of one of the guns exploded and injured claimant's arm.

He thereafter filed a claim against the State for damages in accordance with an enabling act duly passed by the Legislature and known as chapter 818 of the Laws of 1930, and recovered an award of $15,000.

The State defended on the ground that claimant's only remedy was under the Military Law (§§ 220 and 223).

Judge PARSONS held that the " remedy under the Military Law (§§ 220, 223) is nowise exclusive. * * * In the case at bar two remedies are provided, to wit, sections 220 and 223 of the Military Law and chapter 818 of the Laws of 1930. The claimant has elected to pursue the latter remedy, which he has a right to do, as the Legislature has given him this right by the passage of chapter 818 of the Laws of 1930."

This court, therefore, held in that case that but for the special enabling act the claimant's only remedy would have been under the Military Law.

It is my understanding, therefore, that this claim cannot be disposed of under section 12-a of the Court of Claims Act because claims of this character are specifically exempted from the jurisdiction of the Court of Claims. In view of this fact, and in view of the fact that claims of the character here presented are specifically provided for in another and separate act of the Legislature known as the Military Law, it would be improper to hold in my judgment that the claimants herein can recover here against the State by virtue of section 12-a of the Court of Claims Act. Such claims can be taken out from under the provisions of the Military Law only by an amendment of the Military Law or by a special act of the Legislature applying to a particular case, as in the *Schmohl* case, or by a general act in which is incorporated a specific provision making the law applicable to those injured in the military

service of the State or to the representatives of those who die as a result of injuries incurred in that service.

As Judge PARSONS points out in the *Schmohl* case (*supra*), section 11 of the Workmen's Compensation Law makes the remedy therein exclusive. (*Shanahan* v. *Monarch Engineering Co.*, 219 N. Y. 469.) There is no allusion in the Workmen's Compensation Law to enlisted men and officers in the State Militia or National Guard. There is nothing in the act nor in its history to warrant the assumption that the Legislature intended to deprive such officers and enlisted men of their rights theretofore granted them under the Military Law.

For the reasons above set forth I concur with Judge GIBBS in granting the Attorney-General's motion to dismiss this claim.

RYAN, J. (dissenting). I must respectfully dissent from the determination of my esteemed colleagues to dismiss this claim upon the motion made by the Attorney-General. To begin with, the claim here presented is not in the nature of a demand for compensation or pension by the dependents of a deceased member of the militia. On the contrary, it is a cause of action granted by the Decedent Estate Law, section 130 (formerly Code Civ. Proc. § 1902), and fully recognized in respect to the State as a defendant by the jurisdictional provision of the Court of Claims Act found in section 12 of the Court of Claims Act. Section 12, of course, did not waive the immunity of the State from liability in a death claim any more than it did in a claim for personal injuries. That waiver had to come about by other legislative enactment. (*Smith* v. *State*, 227 N. Y. 405 [1920]. Also *Smith* v. *State*, 154 Misc. 849, 851 [second trial, 1934]; affd., 243 App. Div. 682; affd., 268 N. Y. 551. See, *contra*, *Burge* v. *State*, 242 App. Div. 721.) Until the passage of chapter 467 of the Laws of 1929, a special enabling act providing the necessary waiver of immunity was required in all tort cases, unless such waiver appeared in some general statute, such as the Canal Law, section 47, or the Highway Law, section 176 (now § 58). But the 1929 legislation, which became known as Court of Claims Act, section 12-a, was a general enabling act, and was thus construed by the Court of Appeals. I quote from Judge O'BRIEN in *Jackson* v. *State* (261 N. Y. 134, 137, 138): " The State thus provides for four things which shall result from the infliction of personal injuries due to the negligence of its officers and employees while acting as such officers or employees. It waives immunity from liability, it consents to have its liability determined in accordance with the rules of law applicable to individuals, it assumes liability and it confers jurisdiction upon the Court of Claims to hear and determine such claims of liability. The provisions of section 12 of the Court of Claims Act (Laws of 1920, ch. 922, for-

merly Code Civ. Proc. § 264) must, in view of the decisions, be deemed too narrow to cover claims of this character, but by section 12-a (as added by Laws of 1929, ch. 467) those provisions must be regarded as extended, supplemented and enlarged. The deficiencies pointed out in *Smith* v. *State* (227 N. Y. 405) have been supplied. Section 12-a goes beyond the point of a mere waiver of immunity from suit. It waives immunity not only from suit but also from liability. It is the positive and specific enactment, clearly expressed, which was suggested by *Smith* v. *State* (*supra*). By section 12 the defense of sovereignty in an action was removed. Suit was allowed but liability was held not to have been waived. By section 12-a liability, when proved by the rules of law applicable to individuals, has been affirmatively assumed and jurisdiction to determine whether such a liability has been proved is conferred upon the Court of Claims. In the assumption of liability and the creation of a remedy to enforce a liability, heretofore absent by reason of the sovereignty of the tort-feasor, the sovereign has not generously dispensed charity. Section 12-a constitutes a recognition and acknowledgment of a moral duty demanded by the principles of equity and justice. It includes only claims which appear to the judicial mind and conscience to be such as the Legislature may declare to be affected by a moral obligation and which the State should satisfy. (*Farrington* v. *State*, 248 N. Y. 112, 115.) It declares that no longer will the State use the mantle of sovereignty to protect itself from such consequences as follow negligent acts of individuals. It admits that in such negligence cases the sovereign ought to and promises that in future it will voluntarily discharge its moral obligations in the same manner as the citizen is forced to perform a duty which courts and legislatures have so long held, as to him, to be a legal liability. It transforms an unenforceable moral obligation into an actionable legal right and applies to the State the rule *respondeat superior.*"

That this waiver of immunity from liability applies in death cases has been recognized by the courts time and time again. The right to maintain an action for damages where death is caused by the wrongful act, neglect or default of the State is established. It is given to the administrator who sues on behalf of the next of kin. (*Matter of Zirpola* v. *Casselman, Inc.*, 237 N. Y. 367, 370.) Here these appear to be the father and mother, although four brothers and sisters survived. (*Matter of Patrone* v. *United States Trucking Corp.*, 236 App. Div. 531; affd., 262 N. Y. 540.)

Shall the right to maintain such action be denied in this case because section 220 of the Military Law provides for a pension for this decedent's widow, minor children or dependent mother if he left such surviving?

We have recognized the right of a member of the National Guard who survives his personal injuries to sue the State rather than apply for a pension in the *Schmohl* and *Spence* cases cited by Judge GIBBS and in many other similar cases, unreported. We have recognized the right of an administrator of a deceased member of the National Guard to sue the State in the *Dicicco* case, also cited by Judge GIBBS, and in many other similar cases, unreported.

It is true that such cases were filed under special enabling acts. However, three cases come to mind where there were no special enabling acts in each of which this court has distinctly ruled that claims for personal injuries or for damages for death due to a wrongful act were properly prosecuted under section 12-a of the Court of Claims Act. Each of these cases was dismissed upon the merits and no opinion was published. But the ruling on the specific question in each case is a matter of record in this court. The claims are: Feldman, Claim No. 23393; Massa, as administrator, Claim No. 22379*; and Carmody, as administrator, Claim No. 23319, affirmed, 245 App. Div. 800; 463 (case 4) leave to appeal denied, 269 N. Y. 679.

In the *Feldman* case, a motion by the Attorney-General similar to the motion made herein was denied upon the authority of *Jackson* v. *State* (*supra*) (See Feldman record S. M. pp. 12, 13) and a request by the Attorney-General that this court find that it had no jurisdiction of the claim was refused. In the *Massa* case, upon a request by the claimant this court found as a conclusion of law as follows: " That the claim is within the provisions of letter, scope and intent of section 12-a of the Court of Claims Act." In the *Carmody* case there was a finding that the claim was " within the jurisdiction of this court." Therefore, the determination to grant this motion is directly contrary to previous rulings of this court.

The decisions in *Lewis* v. *State* (197 App. Div. 712) and in *McAuliffe* v. *State* (107 N. Y. 553) are clearly to be distinguished. The *Lewis* case was dismissed because of the contributory negligence of the claimant and the lack of moral obligation upon the State. Judge KELLOGG's comment, cited by my colleague, Judge ACKERSON, is *obiter dictum*. McAuliffe had no waiver of immunity granted to him on the part of the Legislature, and, while Judge SMITH referred to the pension provision of the Military Law, the dismissal really rested on the absence of a waiver of the State's immunity from liability.

The force of the holding in *Jackson* v. *State* (*supra*) that section 12-a of the Court of Claims Act was a general enabling act in tort cases is in no whit diminished by the recent decision of the Court

---

* Affd. 254 App. Div. 928.

of Appeals in *Green* v. *State* (278 N. Y. 15; affg. 251 App. Div. 108), which reversed our decision reported in 160 Misc. 398. What the *Green* case holds is that section 510 of the Penal Law suspends, during the term of his sentence, the civil right of a State prison inmate to prosecute a cause of action. These administrators are under no legal disability to sue. Rather they are authorized so to do by the order of the Surrogate's Court.

All able-bodied male citizens between the ages of eighteen and forty-five years who are residents of this State constitute the militia. (Military Law, § 1.) The National Guard of the State consists of certain designated officers and " such persons as are enlisted and commissioned therein." (Military Law, § 30.)

For the purposes of the application of the Workmen's Compensation Law " employer " is defined by section 2, subdivision 3, thereof, " employee " by section 2, subdivision 4, and " employment " by section 2, subdivision 5. " Hazardous employments " are defined by section 3. Judge GIBBS points out that chapter 658 of the Laws of 1924 brought under the protection of the Workmen's Compensation Law those engaged in any employment by the State, notwithstanding the definitions of the terms as contained in the above-numbered sections and subdivisions. (Workmen's Comp. Law, § 3, group 16.) But to stretch this statute into an authorization for the hearing and determination of compensation claims by members of the National Guard and their dependents under the Workmen's Compensation Law requires a theory of statutory construction which I am unable to follow, the consequences of which, if applied, I would be unwilling to estimate.

It is true that section 12-a refers to the torts of " the officers and employees " of the State. It is true that in so far as this claim alleges that the intestate's death was due to the negligence of a fellow member of the National Guard, it refers to one who was employed with decedent in the same undertaking. It is, likewise, true that in previous decisions we have referred to the negligence of enlisted men of the National Guard as the negligence of " employees " of the State. But it is because they were at the same time the State's agents that we have required the State to answer, *respondeat superior*. The real meaning of section 12-a is that the State waives its immunity from liability by reason of the torts of its agents. I quote from Judge LOUGHRAN in *Paige* v. *State* (269 N. Y. 352, 356): " There is no misuse of language in saying that the State employed the institution. * * * If the word ' agent ' were found in section 12-a of the Court of Claims Act, would it be held that this case was outside the State's assumption of liability? The terms ' agent ' and ' employee ' have been used interchangeably

in the cases that dealt with State immunity from liability for tort. * * * In *Jackson* v. *State* (261 N. Y. 134, 138) it was said: ' Section 12-a constitutes a recognition and acknowledgment of a moral duty demanded by the principles of equity and justice.' In that spirit, we accept the construction of the section here adopted by the courts below."

For the foregoing reasons and with all respect I am unable to defer to the opinion of my two colleagues, with whose sound judgment I seldom find myself in disagreement. In this case, however, I reach the conclusion that the State's motion to dismiss on the grounds stated should be denied. In so doing I do not pass on the merits of the claim, to which subject I have given no thought or consideration.